STATE *ex rel.* MIZNER LAND CORP. *et al.,* v. DEWITT T. GRAY, as Circuit Judge, etc.

157 So. 663.
En Banc.
Opinion Filed November 21, 1934.

*Daniel & Thompson,* for Relators;
*Milam, McIlvaine & Milam,* for Respondent.

PER CURIAM.—This is a proceeding in mandamus to coerce the respondent, Dewitt T. Gray, as specially designated Chancellor for certain causes pending in the Circuit Court of the Fifteenth Judicial Circuit of Florida, to vacate and set aside an order certifying to his own disqualification entered by him in the pending causes and to resume, retain and exercise jurisdiction of the same by proceeding to hear and determine the issues therein pending.

The order of disqualification sought to be vacated was entered under Section 4341, C. G. L., 2674 R. G. S., and is in substance the following:

"ORDER OF DISQUALIFICATION

"It appearing that a motion and suggestion for disqualification of the undersigned Circuit Judge on the ground of bias and prejudice was filed in the above entitled causes on the 25th day of September, A. D. 1934, and that the same is in such form as that this order should now be made.

"It is ordered and adjudged that said motion be and the same is hereby granted and that the undersigned is hereby disqualified from further acting in said cause.

"Done and ordered this 15th day of October, A. D. 1934.

"DEWITT T. GRAY, *Circuit Judge.*"

As appears from the foregoing order, the Circuit Judge simply "granted" the statutory motion of the challenging defendant praying for said Judge to certify to his own statutory disqualification under Section 4341 C. G. L., *supra.* He did not certify to his disqualification on the ground of

any personal prejudice in fact. So the proposition to be decided is whether the provisions of the statute relating to challenge of judges on the ground of prejudice warranted the making of the order.

It appears by the record that prior to the time the affidavit and application to disqualify Judge Gray was filed in the instance above referred to, said Judge had without objection exercised jurisdiction in the pending causes for about three years. Respondent is not the resident judge of the Fifteenth Judicial Circuit, but simply a judge designated by the Governor under Chapter 16053, Acts of 1933, to act for the resident Judge of the Fifteenth Judicial Circuit in these particularly involved cases. For good and sufficient causes the Governor may exercise his discretion to recall Judge Gray's present designation to act in the pending cases, but until the Governor so directs the statutes impose the duty on Judge Gray to function unless he is disqualified for prejudice in fact, or the statute has been legally and properly invoked as a means of challenge against him, whether actually prejudiced or not.

We hold that after a Circuit Judge has exercised jurisdiction over a chancery cause without objection for a long period of time, his jurisdiction cannot be ousted under Section 4341 C. G. L., 2674 R. G. S., by a suggestion of disqualification alleging the statutory disqualification of prejudice, unless it be alleged and shown that the delay in filing the suggestion is legally excusable because due to the fact that the causes alleged as grounds of disqualification were not earlier known by the challenger, or constitute matters that have but recently arisen and come to the petitioners' knowledge.

A statutory right to challenge a judge on the statutory ground of prejudice as provided in Section 4341 C. G. L., 3674 R. G. S., may be waived, because the grounds there

provided to constitute grounds of disqualification are not grounds going to the disqualification of the judge by reason of the existence of any prejudice in fact. The effect of the statute is merely to confer a statutory right on a party to a suit to challenge a judge for certain suggested prejudice on condition that he justify his suspicions by making them of record accompanied by certain matters the statute contemplates shall be sufficient to compel the affected judge to acknowledge by his certification the fact that a sufficient showing has been made to cause him to retire.

Section 4341 C. G. L., 2674 R. G. S., is similar to Title 28, Sec. 25, U. S. C. A. The Federal Courts have construed the Federal Statute as forbidding the institution of disqualification proceedings against judges in cases where the application for disqualification has been unreasonably delayed and the effect of granting the disqualification would be to upset everything that has occurred during the period of acquiescence. DeRan v. Killitis (CCA), 8 Fed. (2nd) 840; Chafin v. United States (CCA 4th), 5 Fed. (2nd) 592. We adopt the Federal construction on the point that an unreasonable delay will waive the right to institute disqualification proceeding against judges on the ground of prejudice, even though the proceedings are such as would otherwise be sufficient in law and in fact to invoke the operation of the statute.

Nothing said herein, however, is to be construed as a holding that a judge may not at any time acknowledge his own disqualification for prejudice in fact, in which event he should forthwith certify to that fact of record and retire from the case. The present proceeding was based solely on the supposed effect of the motion filed under Section 4341 C. G. L., *supra,* and therefore the rule last referred to does not apply in this case on the present state of the record.

Nor is anything we have said to be construed as precluding the respondent judge from hereafter certifying to his own prejudice *in fact*, if such be the case, or from requesting the Governor to recall his designation in order that another judge may relieve respondent of embarrassment in acting in a case in which one of the parties has brought about such state of hostile relationship between himself and the judge that the judge would feel an inclination to retire from the case in order to preserve the spirit as well as the letter of the law in its design to preserve both the ostensible as well as the actual neutrality of judges. See Berger v United States, 255 U. S. 22, 65 L. Ed. 481, 41 Sup. Ct. Rep. 230.

Motion to quash alternative writ of mandamus denied with leave to file further return within fifteen days.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.