[No. 27635. Department Two. December 22, 1939.]

MINNIE A. BYSTROM *et al., Respondents,* v. ROY K. PURKEY *et al., Appellants.*[1]

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for appellants.

*F. L. Morgan,* for respondents.

BEALS, J.—At the time of the accident which is the subject matter of this action, defendants were operat-

[1]Reported in 97 P. (2d) 158.

ing a paint shop in the city of Aberdeen. Plaintiffs, Minnie A. and John L. Bystrom, had left some articles of furniture to be refinished at defendants' shop, and on the morning of October 8, 1937, plaintiff Minnie A. Bystrom (who will hereinafter be referred to as though she were the sole party plaintiff and respondent) called at defendants' place of business to inspect her dining room table, work on which had been completed.

Defendants' establishment consisted of two or more rooms. Between these two rooms opened a ramp, for the use of automobiles, leading from the lower floor. Close to the end of the ramp was a door, leading to a stairway used by persons proceeding to and from the lower floor. The upper floor of the establishment was level, save for the depression occupied by the ramp. Persons entering upon or leaving the second floor by the stairway, walked parallel to and close by the side of the ramp.

Mrs. Bystrom, accompanied by Mr. S. P. Ambrose, her brother-in-law, and by an employee of defendants, walked through the shop, by the side of the ramp, through the door and down the stairs. After inspecting the table, the three persons ascended the stairs, opened the door, and started through the room, again by the side of the ramp. Mr. Ambrose was preceding, followed by Mrs. Bystrom, who in turn was followed by defendants' employee. After having proceeded only a few steps after passing through the doorway, Mrs. Bystrom stepped over the side of the ramp, and fell down upon the surface of the ramp, suffering painful injuries, to recover for which this action was instituted.

In the complaint, it was alleged that defendants had negligently failed to provide a guard rail to prevent persons falling onto the ramp, and that, at the time of the accident, defendants had caused an automobile

to be placed on the floor near the door to the stairway, leaving only a narrow passageway between the car and the ramp. It was also alleged that the room was dark, and that, by the circumstances above mentioned, the situation was rendered dangerous.

Defendants answered, denying all negligence on their part and pleading contributory negligence on the part of Mrs. Bystrom.

The action was called for trial before a jury, and at the close of plaintiff's case, defendants challenged the legal sufficiency of the evidence and moved for an order of dismissal with prejudice, basing their motion upon two grounds: First, that plaintiff had failed to prove any actionable negligence on the part of defendants; and second, that it appeared from plaintiff's own testimony that she was guilty of contributory negligence which proximately contributed to the accident. The trial court sustained the defendants' challenge, and thereafter plaintiff made a motion for a new trial, which the court, after argument, took under advisement. In due time, the court filed a memorandum decision, stating that the motion would be denied. Thereafter, the matter was again reargued, and the court, after further consideration, filed another memorandum decision, stating that the motion for a new trial would be granted. In due time, a formal order was entered granting the motion for new trial, from which order defendants have appealed.

Error is assigned upon the granting of a new trial and upon the court's refusal to enter a judgment of dismissal.

Appellants contend, first, that the record contains no evidence sufficient to support a finding by the jury that appellants were guilty of negligence in the maintenance of their premises, and second, that it should be held as matter of law that, if appellants were in

any manner negligent, Mrs. Bystrom was guilty of contributory negligence, and that for this reason she cannot recover judgment herein.

It is admitted that respondent was an invitee. As stated in *Chilberg v. Standard Furniture Co.*, 63 Wash. 414, 115 Pac. 837, 34 L. R. A. (N. S.) 1079, appellants' duty to their customers was to maintain their shop

". . . in such a condition as a reasonably careful and prudent merchant would deem sufficient to protect customers from danger, while exercising ordinary care for their own safety."

Mr. Ambrose testified that the day was clear, and that he observed the ramp both on his way to the lower floor and on his return therefrom. Respondent, while testifying that her eyesight was good, stated that she at no time saw the ramp, and that, on her way to the lower floor, she simply followed the employee of appellants who showed her the way, while on her return she followed Mr. Ambrose.

The evidence shows that the automobile above referred to was standing in such a position as to leave a passageway of from twenty-two to thirty-two inches between the car and the ramp wall.

Respondent is a very heavy woman, she stating that her weight was two hundred sixty-five pounds.

Appellants rely upon respondent's testimony to the effect that she just followed along, without looking at any particular thing. On being interrogated as to whether or not she was watching the man ahead of her, she answered:

"Q. Were you watching where you were walking, or watching the man walking ahead of you? A. I don't know whether I was watching him or I was watching where he was. You wouldn't naturally be looking at anyone. You let your conscience be your guide. Q. Is that what you were doing, letting your

conscience be your guide? A. Yes, letting my conscience and my feet be my guide, but they lead me astray."

During the trial, the jury inspected the premises, unaccompanied by the trial judge. Before passing finally upon the motion for new trial, the court, in the presence of counsel for both parties, inspected the premises, finally reaching the conclusion that a new trial should be granted. The trial court gave the matter careful attention.

The granting of a new trial will not be reversed on appeal, "except in situations in which purely questions of law are involved." *Corbaley v. Pierce County,* 192 Wash. 688, 74 P. (2d) 993. In ruling upon motions for new trial, trial courts have a large discretion. As we said in the case of *McKay v. General Accident etc. Corp.,* 163 Wash. 92, 299 Pac. 987:

"But we have also as consistently held that the granting or refusal of a new trial ordinarily rests in the sound discretion of the trial judge, and his action will not be disturbed unless an abuse of discretion is shown; that a much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial."

The record in this case does not require a holding that, notwithstanding the order of the trial court, appellants are entitled to judgment in their favor as matter of law, and that the trial court abused its discretion in granting respondent's motion.

The order appealed from is affirmed.

BLAKE, C. J., JEFFERS, STEINERT, and GERAGHTY, JJ., concur.