STATE ex rel. JUAN FERRERA, AUGUSTO SIMON, JOSE DE LA VINA LOPEZ, OFELLA BARCIA, FRANCISCO ROSADO, MANUEL FERNANDEZ, MANUEL SARDINAS, GERARDO SANCHEZ, FRANCISCO SAN MARTIN, MANUEL RODRIGUEZ, LUIS DIAZ, MANUEL HUERTA, JOSE M. MARTINEZ, JESUS CHAPU, FELICIDAD HERNANDEZ, CESAREO ALVAREZ, LUCAS RODRIGUEZ, ANTONIO PEREZ LENDIAN, MARIO JORGE, MARIANO RODRIGUEZ, FRANK DIEZ, also known as FRANCISCO DIEZ, PEDRO PEREZ ALMENGUAL GASPAR

BENAVIDEZ, VINCENTE GALLO, ALFREDO FERNANDEZ, MANUEL GUTIERREZ, and ALVARADO, R. PEREZ, v. HON. HARRY N. SANDLER, as Judge of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

12 So. (2nd) 298                                     January Term, 1943
March 5, 1943                                                   Division A

*Wm C. Pierce* and *Albert D'Arpa,* for relators.

*Harry N. Sandler,* in pro. per., for respondent.

*Frank T. Phillips,* as Amicus Curiae.

TERRELL, J.:

The relators brought suit to restrain respondents from enforcing certain suspension orders against them. In the midst of the trial, the qualification of the trial judge was challenged on the ground that he was a material witness for defendants. Objections to the suggestion of disqualification were heard and the trial judge entered an order disqualifying himself to further hear the case.

The order of disqualification is challenged by mandamus to require the trial judge to proceed with the cause notwithstanding the order.

It is not alleged that the judge is prejudiced or incompetent but the sole basis of the move to disqualify is that some time between August 19 and August 29, 1942, the trial judge received by mail a certain letter from one Mr. Trainor postmarked at Jacksonville, Florida, copy of which was attached to the motion. It was also alleged that said letter was received by the judge "several weeks" after it was sent but that

the movant had only recently procured a copy of it. The suggestion was not sworn to.

The trial judge admitted that he received a letter from Mr. Trainor consisting of two or three pages of typewritten matter, pamphlets, and leaflets which he did not read except enough to find out that it had to do with the controversy in question and then consigned it to the waste basket, that he knew nothing of its contents, but feeling that he was without authority to pass on the admissibility of his own testimony, there was no alternative for him but to enter an order of disqualification.

The statute involved is Chapter 38.02, Florida Statutes 1941, and requires that suggestions of disqualifications must be filed within thirty days after knowledge of the ground therefor is brought to the attention of the party or his attorney. The letter in question was received by the judge almost three months before the notice of disqualification was filed November 18, 1942, and it does not affirmatively appear why it was not filed sooner as the law requires. We think for this unreasonable delay and the fact that the cause was in progress, the objection was too late and to all intents and purposes waived. Mizner Land Corp v. Gray, Judge, 117 Fla. 294, 157 So. 663.

We are also of the view that the showing made by the suggestion of disqualification was entirely insufficient. The bald statement that a judge is disqualified because he is a material witness in the cause is not sufficient. It must be stated in what the disqualification consists and when stated it becomes the duty of the trial judge to pass on its sufficiency. Measured by this test, there was no theory whatever for the judge holding himself disqualified in this case.

It follows that the motion for peremptory writ notwithstanding the return must be and is hereby granted.

It is ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.