[No. 34232. Department One. November 21, 1957.]

WILLIAM T. FOLLIS et al., Respondents, v. E. J. BRINKMAN, Appellant.[1]

*Livesey, Kingsbury & Livesey* and *T. B. Asmundson*, for appellant.

*R. W. Greene, David E. Rhea*, and *Joseph H. Smith*, for respondents.

PER CURIAM.—In this action, the plaintiffs sought:

(1) A judicial determination of the existence of an oral partnership dealing in real estate;

(2) An accounting of the profits of the alleged partnership; and

(3) Enforcement of an alleged oral agreement between Messrs. Follis and Brinkman, requiring the latter to make a will in favor of the former.

The defendant, Brinkman, cross-complained for money allegedly due him under five promissory notes.

[1] Reported in 317 P. (2d) 1061.

After trial to the court, judgment was entered for the defendant on his cross-complaint as to four of the notes, and plaintiffs' cause of action was dismissed. Thereafter, the trial judge granted plaintiffs' motion for a new trial on the ground that substantial justice had not been done. The defendant has appealed.

The significant question before us is whether the trial court erred in granting a new trial. Superior Court Rule 16, 34A Wn. (2d) 118, as amended, effective July 1, 1954, provides, in part:

"In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing."

In support of the order granting a new trial, the trial judge stated that he had specified or limited the number of days which the trial could consume; that it was his opinion that this may have hampered the plaintiffs in presenting proof designed to demonstrate the existence of the partnership; that, with more time available, the plaintiffs might have presented proof of additional transactions indicative of the existence of the partnership.

With the above reasons given by the trial judge clearly in mind, we have examined the record, but have been unable to find any support in it for the proposition that the plaintiffs were hampered in presenting proof to demonstrate the existence of a partnership. In his opening statement, counsel for the plaintiffs stated:

"And it is our intention, Your Honor, now, to bring in this accounting angle, it is our intention to lay the foundation before the Court of the creation of these proceeds, their retention by Brinkman as a part of his performance of this joint venture, their reinvestment in new opportunities largely found by Follis but which were in turn rather passed on and checked on by Brinkman. We will trace these investments to a certain point which shows the payment of the funds by the creation of the fund, and at the conclusion of that point it will be our request to the Court that the defendant may choose to either put on their testimony in chief as to their case to rebut anything that we may have done in our prima facie case, or that they may

reserve their right to do so, *but that regardless of which alternative the defense then chooses, we would ask at that point, after thus showing the creation of the fund and its continuing existence, that then the accounting be ordered . . .* " (Italics ours.)

The foregoing indicates that counsel for the plaintiffs intended to proceed with the trial of the case, first, by presenting evidence bearing upon the existence of a partnership. If the court ruled favorably as to the existence of a partnership, plaintiffs' counsel intended, at a later date, either before the court or a referee, to go into the accounting features of the case, which would require considerable time for presentation of proof.

■ The record shows that plaintiffs' counsel proceeded with the trial of the case in accordance with the above indicated intentions. We are not convinced that the record supports the proposition that plaintiffs were hampered in the trial of the case by any action or inaction on the part of the trial judge. He simply ruled against the plaintiffs on the partnership issue. This obviated the necessity for hearing the accounting features, and ended the case abruptly. The result was not a favorable one, but was not entirely unanticipated by counsel for plaintiffs.

We turn now to the record to ascertain whether, aside from the foregoing, it supports the ground for a new trial, as stated by the trial judge, that substantial justice was not done in the case. In his oral decision on the merits of the case, the trial judge stated:

"There is another reason, *which doesn't influence the court,* which I would not state of record, but I would be glad to tell counsel in private, which probably from the standpoint of entertaining good public relations would make the court's decision to grant a new trial a proper one." (Italics ours.)

After the judge made the foregoing statement, he stated, in effect, that, in the event of a new trial, neither he nor his associate judge in the district would try the case, and that counsel should arrange for a visiting judge to preside at the new trial.

It is clear that something about the case concerned or bothered the trial judge. We .are sympathetic and have tried to understand; but he has given no clear indication as to what his underlying difficulty might have been. Under the circumstances, there is simply nothing for us to review. As indicated hereinabove, the trial judge stated that the cause of his concern had not influenced his decision in this case. We are as concerned about the matter as the trial judge. However, under Superior Court Rule 16, *supra*, and our decisions thereon, our only alternative is to conclude that the ground for the granting of the new trial is not supported by "definite reasons of law and facts." It follows that the order granting the new trial must be reversed. It is so ordered.

OTT, J. (dissenting)—We have consistently held that a motion for a new trial is addressed to the sound discretion of the trial court. The exercise of that discretion will not be disturbed except for a manifest abuse. A much stronger showing of an abuse of discretion will ordinarily be required *to set aside an order granting a new trial* than one denying a new trial. *McUne v. Fuqua*, 42 Wn. (2d) 65, 77, 253 P. (2d) 632 (1953); *Bystrom v. Purkey*, 2 Wn. (2d) 67, 71, 97 P. (2d) 158 (1939).

Only two days' trial time had been allotted by the court for plaintiffs to present their evidence to prove the existence of an oral partnership extending over a period of approximately fifteen years, and to establish proof of an oral agreement to make a will, and for the defendant to resist such evidence and to prove the allegations of a cross-complaint in which five promissory notes were involved. Before the entry of judgment at the close of the two days' trial, the court granted a new trial.

Rule of Superior Court 16, 34A Wn. (2d) 118, as amended, effective July 1, 1954, provides in part:

"In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing."

The court gave the following reasons for granting a new trial: (1) that the plaintiffs may have been hampered in

the orderly presentation of their case, in that only two days were allotted for trial; (2) that the ruling (on the judgment) "was made by the court without having actually examined those [partnership] records"; (3) that "such rulings deprived plaintiffs of the right to put on their full case"; and (4) that "it further appearing that such action [the court's own ruling] was an irregularity in the proceedings by which the plaintiffs were prevented from having a fair trial."

The majority reverse the trial court's decision for the reason that "the ground for the granting of the new trial is not supported by 'definite reasons of law and facts.'" I do not agree. There is no question but that the granting of a new trial by the trial court is supported by law. The two grounds upon which the trial court relied are legal grounds, (1) irregularity in the proceedings by which the plaintiffs were prevented from having a fair trial, and (2) that substantial justice had not been done. RCW 4.76.020 [*cf.* Rem. Rev. Stat. (Sup.), § 399] and Rule of Superior Court 16, 34A Wn. (2d) 117.

Further, the *record* discloses that only two days were allowed in which to try the case. The *fact* of this trial time limitation is established by the record. The learned trial judge, with many years of trial experience, found as a *fact* that the allotted time was insufficient, and that the plaintiffs, because of the time limitation, *may have been hampered* in properly presenting their case.

We are here concerned with whether the record discloses a *strong showing of a manifest abuse* of the trial court's exercise of discretion in the granting of a new trial. The judge who tried the case concluded that substantial justice had not been done for two reasons, and that two irregularities in the proceedings had deprived plaintiffs of a fair trial. In my opinion, any one of the reasons given is sufficient to sustain the court's exercise of discretion in granting a new trial.

For the reasons stated, the order appealed from should be affirmed.