[No. 38681. Department One. April 13, 1967.]

JAMES A. CHRISTY, *as Guardian, Respondent,* v. CHARLES M. DAVIS, JR., *et al., Appellants.**

*Reed, McClure & Moceri* and *Roy J. Moceri,* for appellants.

*Burns & Garnes* and *Andrew L. Garnes,* for respondent.

LANGENBACH, J.†—Plaintiff sued as guardian ad litem for his two minor children who had been injured in a collision between an automobile and a motorcycle. The jury returned a verdict for the plaintiff who then moved for a new trial. This motion was granted as to the minor son unless defendants would consent to an increase of $300 in the jury's verdict. Defendants refused and appeal from the order granting a new trial. The sole issue is whether the order should be reversed for the reason that it did not comply with the requirements of Rules of Pleading, Practice and Procedure 59.04W.

The order granting the new trial

ORDERED That Plaintiff's Motion for a new trial as to Billy Jo [sic] Christy, be and it is hereby granted unless the Defendants consent to an increase of the verdict of the jury as to the minor, Billy Joe Christy, in the amount

*Reported in 426 P.2d 493.

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

of $300.00, and will consent and stipulate to the increase within 15 days.

Rules of Pleading, Practice and Procedure 59.04W requires, in part, that

In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing.

■   As we said in *Durkan v. Leicester,* 62 Wn.2d 77, 81, 381 P.2d 127 (1963):

Although scholars have been critical of the implications arising from too rigid an adherence by courts of review to the rule requiring a statement of reasons, *i.e.,* facts, incidents, circumstances, occurrences (see Trautman, New Trials for Failure of Substantial Justice, 37 Wash. L. Rev. 367 (1962)), we think it is a sound one. By means of this rule, it is hoped that objective criteria will take the place of subjective impressions, and we adhere to it, notwithstanding our respect for the learning and broad experience of the trial judges who sometimes find it difficult to apply.

Because reasons "of law and facts" were not stated in the order granting a new trial in this case, the order and judgment granting a new trial is reversed and the case remanded for the entry of a judgment upon the verdict.

FINLEY, C. J., HILL, ROSELLINI, and HALE, JJ., concur.