[No. 39188.    Department Two.    June 22, 1967.]

SHIRLEY LOU BJORK, *Respondent*, v. CHARLES E. BJORK, *Appellant.**

*Charles T. Schillberg,* for appellant.

JAMES, J.†—Respondent (plaintiff) was granted a divorce from appellant on December 6, 1963. The decree awarded to her the custody of their two minor children. On

*Reported in 429 P.2d 234.

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

January 25, 1966, appellant instituted proceedings to modify the decree. On May 13, 1966, findings of fact, conclusions of law and an order modifying the decree of divorce as to custody of the minor children of the parties were signed. The record of the 4-day trial which culminated in the order modifying the decree fully supports the trial judge's conclusion that respondent was not a fit and proper person to have the custody of the children.

On June 3, 1966, an order granting a new trial was signed. The order also provided that the new trial should be before another judge.

Rule of Pleading, Practice and Procedure 59.04W, RCW vol. 0, requires that "In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing."

■  The trial judge's order in this case did not comply with the requirements of the rule.  Absent supportable reasons the parties should not be subjected to the expense and strain of another trial before another judge. *Knecht v. Marzano,* 65 Wn.2d 290, 396 P.2d 782 (1964).

Respondent's counsel withdrew from the case after this appeal was commenced. No brief was filed in her behalf nor was she represented in oral argument. She did, however, communicate with the court by letter.

In the order modifying the decree as to custody, the trial court rightly retained jurisdiction over the minor children. Respondent's letter and colloquy with appellant's counsel at the hearing before us disclose some changes in the circumstances of the parties which the trial judge might properly consider as affecting the welfare of the children.

The order granting a new trial is reversed and the case is remanded to the trial court for such further hearing and consideration as the trial court in its discretion deems advisable.

FINLEY, C. J., HUNTER, HAMILTON, and NEILL, JJ., concur.