[No. 1779-1.    Division One.    July 15, 1974.]

WILLIAMS & MAUSETH INSURANCE BROKERS, INC., *Appellant,*
v. STANLEY E. CHAPPLE *et al., Defendants,* PACIFIC HOSTS,
INC., *Respondent.*

*Carl A. Jonson & Associates* and *Carl A. Jonson,* for appellant.

*Krutch, Lindell, Donnelly, Dempcy & Lageschulte* and *V. Robert Barker,* for respondent.

HOROWITZ, J.—Plaintiff appeals an order granting a new

trial to defendants under CR 59 in an action brought to recover insurance premiums.

The ultimate and basic question presented is whether the facts and circumstances set forth in the trial court's order granting a new trial after rendering an oral decision on the merits are sufficient to show bias or prejudice sufficient to permit the judge to disqualify himself from sitting.

The agreed statement of facts may be summarized as follows. Plaintiff brought an action in February 1971 to recover premiums earned on comprehensive insurance policies covering the Sky Harbour Motor Hotel located in the vicinity of the Seattle-Tacoma International Airport in King County, Washington. The defendants Chapple were the owners of the hotel. Defendant Pacific Hosts, Inc., managed and operated the hotel under contract with the owners. Plaintiff joined the defendant Pacific Hosts, Inc., in this action, claiming it was jointly liable with the defendants Chapple for the earned premiums.

The case was tried on March 24, 1972, before the Honorable Horton Smith, judge of the King County Superior Court. The issue raised was whether one John Hall was authorized by Pacific Hosts, Inc., to place the insurance ordered with plaintiff. Plaintiff's first witness was Richard Peters, called as an adverse witness. After plaintiff presented its case and defendant called its first witness, the court called for a short recess and held a conference in chambers with both counsel. At that time the court told counsel:

1. That he would hold tentatively in favor of plaintiff based on the evidence presented to that time;

2. That he had personal knowledge that Mr. Richard Peters, principal witness for defendant, Pacific Hosts, Inc. was engaged in business ventures some years ago in which a number of persons, including the two daughters and son of Judge Smith, suffered a tax loss of approximately $50,000.00;

3. That had he known Mr. Peters was the only witness for defendant Pacific Hosts, Inc. at the outset, he would have disqualified himself from hearing the case.

When the court reconvened after the recess, defendant completed the presentation of his case by presenting additional brief testimony by Mr. Peters. At the conclusion of trial that same day, the court rendered an oral decision in favor of plaintiff against defendants Chapple and Pacific Hosts, Inc., for $4,198, together with interest and costs.

On March 29, 1972, defendant Pacific Hosts, Inc., filed its motion for reconsideration and new trial with a supporting affidavit. On April 28, 1972, it filed a supplemental affidavit by its trial counsel. In its supporting affidavit Pacific Hosts, Inc., for the first time claimed the trial judge sua sponte should have disqualified himself from sitting as a judge in the case by reason of the matters stated by him to counsel concerning Mr. Peters during the afternoon recess on the day of the trial. The supplemental affidavit stated that at the time of the afternoon recess the judge advised counsel that he would find for the plaintiff unless the parties reached a settlement during the recess. The supplemental affidavit further stated no settlement was effected and

Your affiant knew that a settlement could not be effected, and the decision would be entered in favor of the Plaintiff at the time the afternoon recess ended.

On June 8, 1972, the court granted defendant's motion for new trial. The order states the following reasons:

1. The court had personal knowledge that Mr. Richard Peters, principal witness for defendant, Pacific Hosts, Inc. was engaged in business ventures some years ago in which a number of persons, including the 2 daughters and son of the undersigned Judge suffered a tax loss of approximately $50,000.00 total of their investment;

2. That during the trial of the action herein on March 24, 1972 and in the afternoon recess, in a chambers conference with counsel for plaintiff, Williams & Mauseth Insurance Brokers, Inc. and defendant, Pacific Hosts, Inc., the undersigned Judge told said counsel that the court would hold tentatively in favor of plaintiff on the evidence to that time, of his knowledge of Mr. Peters and remarked that had he known Mr. Peters was the only witness for defendant Pacific Hosts, Inc. he would have disqualified himself from hearing the case;

> And it further appearing to the court that the defendant did not waive its right to move for a new trial based on prejudice of the court, notwithstanding Defendant did not so move when court was reconvened, and proceeded to present testimony in support of its case; and the court finding that by reason of the facts and circumstances outside the record set forth above, the defendant is entitled to have its motion for a new trial granted, . . .

At the same hearing the court refused to enter plaintiff's proposed findings of fact, conclusions of law and judgment which were in substantial conformity with the court's oral opinion. These make no mention of Mr. Peters. Plaintiff then appealed from the order granting a new trial.

■ The right of a litigant to disqualify a judge from sitting in a pending case on the ground of bias or prejudice known to the litigant may be impliedly waived if the right to disqualify is not timely asserted. Thus, a litigant who for the first time during trial learns of grounds for disqualification must promptly make his objection known, as by moving for a mistrial. *See Kay Corp. v. Anderson,* 72 Wn.2d 879, 436 P.2d 459 (1967). He may not, after learning of grounds for disqualification, proceed with the trial until the court rules adversely to him and then claim the judge is disqualified. *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 P. 40 (1911); *Brauhn v. Brauhn,* 10 Wn. App. 592, 518 P.2d 1089 (1974); *West v. Superior Court,* 104 Ariz. 1, 448 P.2d 57 (1968); Annot., 73 A.L.R.2d 1238, 1268-69, 1272-73 (1960).

*West,* in discussing the requirement of timely filing of affidavits of prejudice by a litigant to disqualify a judge, pointed out:

> He is not permitted to wait until he sees which way the decision is going to go before deciding whether to stay with or try to eliminate the judge who is hearing the matter. Nor is he permitted to wait until the judge has heard evidence on the merits, which will have to be resubmitted if another judge is substituted.

*West v. Superior Court, supra* at 2.

■ The court's disqualification here appears to have

been premised upon the assumption that Pacific Hosts, Inc., had not waived its right to disqualify because "Defendant did not so move when court was reconvened, and proceeded to present testimony in support of its case . . ." We have determined a waiver occurred. The question remains, however, whether notwithstanding a litigant has lost or waived its right to insist upon disqualification, the trial judge has inherent power to disqualify himself. The existence of such power has been recognized. *State ex rel. Mizner Land Corp. v. Gray*, 117 Fla. 294, 157 So. 663 (1934). That case was a proceeding to compel the trial judge to vacate an order certifying to his own disqualification entered by him in the pending cause. The moving party failed to show that his delay in asserting grounds for disqualification was legally excusable because not earlier known. The court denied the motion to quash the writ of mandamus, but nevertheless acknowledged the trial judge's own right to disqualify himself for prejudice in fact. The court explained the judge could disqualify himself "in order to preserve . . . both the ostensible as well as the actual neutrality of judges." *State ex rel. Mizner Land Corp. v. Gray, supra* at 298. The grounds, however, relied on by the judge for disqualification must be adequate. We agree "[i]t is the duty of a judge . . . to exercise the judicial functions duly conferred on him by law, and he has no right to disqualify himself in the absence of a valid reason . . ." 48 C.J.S. *Judges* § 93(a), at 1080 (1947). Apart from CR 59(f) later considered, the adequacy of grounds for disqualification is reviewable by an appellate court. *State ex rel. Ferrera v. Sandler*, 152 Fla. 517, 12 So. 2d 298 (1943); *Hamilton v. Pendleton*, 111 Okla. 55, 237 P. 611 (1925).

■ Under CR 59(f), whose application here is not challenged and with which the appealed order sought to comply, requires that in the order granting a new trial "the court shall state the facts and circumstances upon which it relied." *Mulka v. Keyes*, 41 Wn.2d 427, 441, 249 P.2d 972 (1952), states "the purpose of the rule was to enable this

court to review the trial court's action in granting a new trial." In *Durkan v. Leicester,* 62 Wn.2d 77, 81, 381 P.2d 127 (1963), the court explained:

By means of this rule, it is hoped that objective criteria will take the place of subjective impressions, and we adhere to it, notwithstanding our respect for the learning and broad experience of the trial judges who sometimes find it difficult to apply.

The purpose of the rule would be frustrated if the reasons in the order were not stated in sufficient detail to enable review without resort to debatable inference and speculation. Thus, in *Mulka v. Keyes, supra,* a jury case, the order granting a new trial assigned as a reason "the appearance and demeanor of the witnesses." The Supreme Court reversed the order. It held the reason so assigned was insufficient without a further statement of "definite reasons why the appearance and demeanor of any witness was prejudicial to respondent or in what manner his appearance and demeanor had that effect upon the jury." *Mulka v. Keyes, supra* at 440. Thus, orders granting new trials, when granted on the ground substantial justice has not been done, have been reversed because the facts and circumstances stated in the new trial order were insufficient to show a failure of substantial justice. *Christy v. Davis,* 71 Wn.2d 81, 426 P.2d 493 (1967); *Knecht v. Marzano,* 65 Wn.2d 290, 396 P.2d 782 (1964); *Follis v. Brinkman,* 51 Wn.2d 310, 317 P.2d 1061 (1957). *See* P. Trautman, *New Trials for Failure of Substantial Justice,* 37 Wash. L. Rev. 367 (1962); 4 Orland, Wash. Prac. 391-92 (2d ed. 1968).

■ *In re Borchert,* 57 Wn.2d 719, 359 P.2d 789 (1961), in dealing with the subject of a judge's bias or prejudice, points out "It is a particular person's state of mind that affects his opinion or judgment"; that prejudice exists when the judge is prepared to rule "without just grounds or before sufficient knowledge." An affirmative showing of bias and prejudice is required because "Bias or prejudice on the part of an elected judicial officer is never presumed." *In re Borchert, supra* at 722. *See Kay Corp. v.*

*Anderson, supra* at 885. *Gimbel v. Laramie,* 181 Cal. App. 2d 77, 84, 5 Cal. Rptr. 88, 92-93 (1960), is instructive. It is there stated:

Furthermore, the mere fact that the judge knew of the criminal trial of the doctor and his two years' suspension of license standing alone is not a ground for a mistrial, a new trial, or a reversal of the judgment. From the very nature of the office he occupies and of the judicial processes a judge is required to divorce from his mind many inadmissible matters which are inevitably brought to light during the course of a trial. Improper incidents occur which cannot be guarded against. The law does not assume prejudice on the part of the trial judge. To justify a mistrial, a new trial or a reversal on appeal, an affirmative showing of prejudice which would alter the outcome of the pending litigation is required.

The facts and circumstances described in the appealed order refer to the $50,000 tax loss sustained while "Mr. Richard Peters, principal witness for defendant, Pacific Hosts, Inc. was engaged in business ventures . . . in which a number of persons, including the 2 daughters and son" of the trial judge sustained that tax loss. The reason assigned does not necessarily and inevitably imply or compel the conclusion that the trial court was prejudiced against Pacific Hosts, Inc. Without a further statement in the appealed order showing the effect of the trial judge's knowledge of the tax loss upon his ability to perform his work as a judge in a fair and impartial manner, the "affirmative showing of prejudice which would alter the outcome of the pending litigation" (*Gimbel v. Laramie, supra*) is lacking. *See Mulka v. Keyes, supra.*

For all the reason assigned in the order shows, the trial judge might well have believed he could disregard any possible bias or prejudice he might entertain against Mr. Peters when it came to judging the rights of Peters' employer, Pacific Hosts, Inc., the latter having had nothing to do with the tax loss. That the suggested interpretation is a reasonable one is supported by the record in the following respects. Neither the court's opinion nor the appealed order

states the tax loss was the result of dishonest or morally blameworthy conduct on Mr. Peters' part. Even honest people sustain business losses. There is nothing in the appealed order, or in the court's oral opinion, suggesting the trial judge had any difficulty in determining the facts involved. The court's oral opinion states: "The question really comes down to the one of factual circumstances. There isn't any question from the evidence." There is neither contention nor showing by Pacific Hosts, Inc., the reasons stated in the trial court's oral opinion in holding for the plaintiff were in any respect insufficient, illogical, or erroneous, or that his prior rulings were incorrect; or that substantial evidence did not support the court's ruling; or that Mr. Peters' testimony should have been accepted over that of the witnesses for the plaintiff.

■ All judges would fully understand the trial judge's natural concern that Pacific Hosts, Inc., receive a fair trial and that "ostensible as well as the actual neutrality of judges" must be preserved. *State ex rel. Mizner Land Corp. v. Gray, supra* at 298. No doubt there are times, before a trial commences, when a judge would prefer to disqualify himself from sitting lest he be considered unfair, even though he may quite honestly and justifiably believe he is able to conduct a fair trial of the parties and to disregard any preconceived personal opinion he may have concerning the witnesses, parties or attorneys who may appear before him. Once having undertaken to preside at the trial, however, and the trial having proceeded without objection through the rendition of his oral opinion on the merits—notwithstanding a disclosure during trial by the trial judge of a fact which the adversely affected party might wish to treat as a disqualification to sit—then fairness to the prevailing party requires a new trial not be granted without substantial reason.

The mere possibility of conscious or unconscious bias or prejudice is not enough. If such mere possibility could disqualify after the rendition of an adverse oral opinion, the

otherwise prevailing party might understandably complain justice had miscarried. As stated in *Spratt v. Davidson,* 1 Wn. App. 523, 525, 463 P.2d 179 (1969), "the governing standard is whether the conduct or irregularity described establishes a reasonable doubt that the plaintiff received a fair trial." If there is such a reasonable doubt—a matter of controlling importance in applying CR 59(f)—the order granting a new trial should expressly state the "facts and circumstances upon which [the court] relied," and not leave the matter to uncertainties attendant upon debatable inference and speculation.

We agree that "Absent supportable reasons the parties should not be subjected to the expense and strain of another trial before another judge." *Bjork v. Bjork,* 71 Wn.2d 510, 511, 429 P.2d 234 (1967).

Reversed with directions to enter appropriate findings, conclusions and judgment.

CALLOW, J., concurs.

WILLIAMS, J. (concurring specially)—There are many cases which hold that when a trial court grants a new trial based upon the record, it must comply with CR 59(f) by giving "definite reasons of law and facts for its order." *See* P. Trautman, *New Trials for Failure of Substantial Justice,* 37 Wash. L. Rev. 367 (1962). The only unusual feature of this case is that the court was sitting without a jury. However, *Follis v. Brinkman,* 51 Wn.2d 310, 317 P.2d 1061 (1957), was tried to the judge alone and is right in point. There the Supreme Court said:

> It is clear that something about the case concerned or bothered the trial judge. We are sympathetic and have tried to understand; but he has given no clear indication as to what his underlying difficulty might have been. Under the circumstances, there is simply nothing for us to review.

*Follis v. Brinkman, supra* at 313.

Waiver is not in the case. For good reason, a judge may

disqualify himself at any stage of a proceeding, even in the absence of objection by counsel.