# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | NO. 73367-2-I |
| | ) | |
| FOSTER JONES, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| MASHAWNA AUSLER, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 20, 2016 |
| | ) | |

2016 JUN 20 AM 8:53
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

LEACH, J. — Mashawna Ausler appeals several trial court decisions in this quiet title case. She challenges the conversion of the case from one seeking dissolution of a committed intimate relationship to a quiet title action. In addition, she argues the trial court erroneously awarded the house to Foster Jones, failed to award her sufficient compensation by miscalculating the value of the house and denying wages Jones allegedly owed her, and abused its discretion when it denied her request for a trial continuance. Finally, she attacks the continuing restraining order entered against her and the order requiring her to vacate the property within seven days. Finding no error, we affirm.

## FACTS

Foster Jones and Mashawna Ausler were romantically involved sporadically between 2002 and 2014. In 2007, Jones purchased a house on South 114th Street in

Seattle, Washington. He added Ausler to the title later that year. The relationship ended in 2014 after Ausler assaulted Jones. In May 2014, Jones filed a petition for dissolution of committed intimate relationship. Jones asked the court to declare him the sole owner of the house.

In October 2014, the trial court converted the matter to a quiet title action. Both parties agreed that no committed relationship ever existed between them. This left as the only issue resolution of title to the house. Specifically, Ausler stated in her declaration that her relationship with Jones "does not meet the standard for 'committed intimate relationship' or a 'meretricious relationship.'" She emphasized that she and Jones never married, they did not live together continuously, their relationship was "not stable or committed," and that "Foster was not monogamous and was even married to another woman during the time [they] were together." At the October hearing, the court elected to convert the dissolution action to a quiet title action because Ausler and Jones shared title to a house but were not in an intimate relationship. Ausler did not object.

In April 2015, the parties appeared for a bench trial. Both parties testified, and the court admitted 16 exhibits offered by Jones. The court made written findings of fact, conclusions of law, and entered a judgment quieting title to the house to Jones. The court equally divided the equity in the house and awarded Jones approximately $8,000.00 for utilities and legal fees related to Ausler's misuse of Jones's other rental properties. The court made a net cash award of $399.19 to Ausler, which Jones paid immediately.

Ausler appeals.

ANALYSIS

Ausler raises several arguments on appeal. Finding no error, we affirm.

Conversion to Quiet Title Action

Ausler contends the trial court erred when it converted Jones's action for dissolution of a committed intimate relationship to a quiet title action. But because Ausler raises this argument for the first time on appeal, we need not address it.

Ausler conceded in two separate declarations that she was not in a committed relationship with Jones. At the October 2014 hearing, the trial court stated that both parties conceded the dispute was not a domestic matter. The court proposed the action be converted to a quiet title action. Ausler did not object. Ausler signed the trial court's order recharacterizing the matter as a quiet title action without objection. We generally will not consider issues raised for the first time on appeal.[1] Similarly, the invited error doctrine prohibits a party from setting up an error at trial and then complaining of it on appeal.[2] Here, Ausler conceded there was no committed relationship to dissolve, inducing the court to recharacterize the dissolution as a quiet title action. She then failed to object to the recharacterization and disputes it for the first time on appeal. We therefore need not address Ausler's claim that the trial court erred when it recharacterized the action.

---

[1] RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005).

[2] Lavigne v. Chase, Haskell, Hayes & Kalamon, P.S., 112 Wn. App. 677, 681, 50 P.3d 306 (2002).

Request for Continuance

Ausler challenges the trial court's denial of her request for a continuance. Ausler has failed to show the trial court abused its discretion here.

We review a trial court's decision to deny a continuance for abuse of discretion.[3] A trial court abuses its discretion only if it makes a manifestly unreasonable decision or bases it on untenable reasons.[4] A trial court may consider many factors when deciding a continuance request, including diligence of the moving party, materiality of the evidence sought, due process, orderly administration of its docket, prejudice to the parties, and the potential impact on the trial.[5] Typically, a motion for a continuance should be supported by an affidavit showing the materiality of the evidence obtained and that the moving party acted with due diligence to obtain the evidence.[6]

Ausler has failed to show the trial court abused its discretion here. The trial court notified Ausler of the trial date and the specific evidence she needed to provide five months in advance. Ausler e-mailed the court requesting a continuance on April 1, 2015, roughly one week before the trial was to start on April 9. She told the court that she was not "trial ready" but did not specify what evidence she sought to obtain during the proposed continuance. On appeal, Ausler fails to cite any authority demonstrating the trial court abused its discretion. She cites two cases for the proposition that

[3] Harris v. Drake, 116 Wn. App. 261, 287, 65 P.3d 350 (2003).
[4] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).
[5] In re Recall of Lindquist, 172 Wn.2d 120, 130, 258 P.3d 9 (2011).
[6] CR 40(e); Odom v. Williams, 74 Wn.2d 714, 717, 446 P.2d 335 (1968).

Washington courts strongly prefer to resolve disputes on the merits.[7] This authority does not apply. The trial court here resolved the dispute on the merits when it divided equity in the property, made an award in favor of Ausler, and quieted title in Jones.

Under these circumstances, the trial court did not abuse its discretion when it denied Ausler's request for a continuance.

Property Award, Valuation, and Order to Vacate Property

Ausler contends the trial court erred when it awarded the property to Jones and that it miscalculated the value of the property and other liabilities owed to her. Substantial evidence supports the trial court's findings of fact and that those findings support the trial court's legal conclusions.

We limit our review of a bench trial to determining whether substantial evidence supports the trial court's findings of fact and whether those findings support the trial court's legal conclusions.[8] Substantial evidence is the "quantum of evidence sufficient to persuade a rational fair-minded person the premise is true."[9] In a quiet title action,

> [a]ny person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action . . . to be brought . . . against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title.[10]

---

[7] See Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004); Bus. Servs. of Am. II, Inc. v. WaferTech LLC, 159 Wn. App. 591, 245 P.3d 257 (2011).

[8] Standing Rock Homeowners Ass'n v. Misich, 106 Wn. App. 231, 242-43, 23 P.3d 520 (2001).

[9] Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003).

[10] RCW 7.28.010.

The trial court correctly awarded the property to Jones. We note that Ausler failed to assign error to any of the trial court's findings, so they are verities on appeal.[11] Regardless, substantial evidence supports the trial court's findings of fact, and those findings support the trial court's legal conclusions.

The parties agreed that both Ausler and Jones held record title to the house. But Ausler does not dispute that Jones made the down payment on the house and that he made every mortgage payment. The parties did dispute the purpose of putting Ausler's name on the deed. Jones claimed it was a mere convenience in the event of a default on the mortgage. Ausler claimed it was because they viewed the house as a joint asset. But Jones provided several exhibits demonstrating he had made all financial contributions to the house. Ausler provided only her own testimony. She conceded that she never made any mortgage payments and testified that the basis for her claim of title was her living in the house. Ausler falsely contends the parties owned the house as joint tenants with right of survivorship. But a joint tenancy is created only by a written instrument expressly declaring the interest to be a joint tenancy. The record contains no such instrument, and Ausler failed to demonstrate the requirements for a joint tenancy. Under these circumstances, the trial court correctly awarded the property to Jones.

When the trial court awarded the property to Jones, it also awarded Ausler 50 percent of the equity in the property based on a $350,000 appraised value. Ausler

---

[11] See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

contends this value is too low. Because Ausler raises this argument for the first time on appeal, we need not address it.[12] But even if Ausler properly preserved this argument, substantial evidence supports the trial court's valuation of the property. Jones submitted two exhibits showing the property's value. Ausler did not object and did not offer contradictory evidence. The trial court adopted the appraiser's undisputed opinion of the property's value, reflected by the calculation of equity in its findings of fact. Not only are these findings verities due to Ausler's failure to assign any error, but they are also supported by substantial evidence. The trial court did not miscalculate the property's value.

Nor did the trial court err when it declined to award additional compensation for Ausler's actions as property manager. In addition to her share of the equity in the property, Ausler argued Jones owed her wages for her work as a property manager of the property. She claimed she was available 24 hours per day to arrange for maintenance and utility work at Jones's other rental houses. Ausler testified her due compensation amounted to $15 per hour for 24 hours per day continuously for 12 years. She offered no evidence to support her claim other than her own testimony.

The trial court declined to include Ausler's alleged wages in the calculation of Jones's liabilities. The lack of any written finding of fact relating to this compensation demonstrates the trial court found Ausler's testimony not credible. We treat a trial court's decision not to make a finding of fact as a finding against the party bearing the

---

[12] See RAP 2.5(a); Roberson, 156 Wn.2d at 39.

burden of proof on that issue.[13]  Indeed, the trial court's oral ruling shows it found

Ausler's testimony not credible and that Ausler was compensated with free rent:

> You've just claimed that you were . . . entitled to $15 an hour, full-time work, five days a week, seven days a week, 24 hours, and you're also working full-time for the Seattle School District.  Both cannot be true.  At best, you were a property manager.  At worst, you stole from Mr. Jones over and over again.
>
> . . . .
>
> You've essentially lived rent-free there for years, and that's your compensation, and that's—that's all that the Court can do for you based on the information that's been provided to the Court.  The rent is considerable considering that you were working full-time in the last eight years for [the] Seattle School District as a secretary.  I can accept that on its face, but you don't get double salary when you've absolutely provided no information or the documentation to the Court.

When a trial court's written order is inadequate, we may look to the trial court's

oral ruling to interpret that order.[14]  The trial court's oral statement shows that Ausler

failed to meet her burden to prove Jones owed her additional compensation.  Ausler

provided no evidence supporting her claims other than her own testimony, and the trial

court found her testimony not credible.  We do not weigh the credibility of evidence or

substitute our opinions for those of the trier of fact.[15]  Thus, the trial court did not err

when it declined to award Ausler additional compensation.

Finally, Ausler disputes the trial court's order insofar as it required her to vacate

the property within seven days following the judgment.  But ejectment is the proper

remedy following a quiet title action, and the trial court has broad discretion in granting

---

[13] Xieng v. Peoples Nat'l Bank, 120 Wn.2d 512, 526, 844 P.2d 389 (1993).

[14] Wallace Real Estate Inv. Inc., v. Groves, 72 Wn. App. 759, 770, 868 P.2d 149 (1994).

[15] Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

this relief.[16] Ausler has cited no authority demonstrating the trial court abused its discretion here. Further, the issue is now moot. Because the trial court correctly awarded Jones sole ownership of the property, we cannot grant Ausler any meaningful relief even if the trial court erroneously required her to vacate the property within seven days following the judgment.

Restraining Order

Ausler argues the trial court erroneously granted a continuing restraining order against her. She contends that the record lacks sufficient evidence to support the restraining order. Again, we disagree.

A trial court has broad discretion to grant or deny a request for a continuing restraining order.[17] Ausler cites no authority supporting her argument that the trial court abused its discretion when it granted Jones's request for a continuing restraining order. We typically do not consider arguments unsupported by citation to authority.[18] Regardless, the record shows the trial court acted within its discretion here. The trial court entered a finding indicating a continuing restraining order was proper due to domestic violence. Because Ausler did not assign error to this finding, it is a verity on appeal.[19] Moreover, substantial evidence supports the trial court's finding of domestic violence. Jones argued in his pleadings that Ausler had twice assaulted him, once in August 2012 and again in April 2014. Jones also submitted an exhibit containing a

---

[16] See RCW 7.28.010; Corp. of Catholic Bishop of Nesqually v. Gibbon, 1 Wash. 592, 21 P. 315 (1889).
[17] In re Marriage of Stewart, 133 Wn. App. 545, 550, 137 P.3d 25 (2006).
[18] RAP 10.3(a)(6); Cowiche Canyon, 118 Wn.2d at 809.
[19] Cowiche Canyon, 118 Wn.2d at 808.

sheriff's report detailing a third assault Ausler orchestrated in December 2014, while the quiet title action was pending. Ausler lured Jones to the property by claiming there was an emergency. When he arrived, Ausler's daughter and her daughter's boyfriend assaulted Jones while Ausler watched and cheered them on. A separate exhibit contained photos of the injuries Jones sustained during that assault. The trial court therefore did not abuse its discretion when it granted Jones's request for a continuing restraining order.

## Posttrial Motions and Attorney Fees

Ausler filed several motions after the judgment seeking reconsideration or a new trial.[20] She claimed that Jones lied and misrepresented facts during the trial. She also argues the trial court judge was biased against her. These arguments fail.

We review a trial court's denial of a motion to reconsider for an abuse of discretion.[21] The trial court did not abuse its discretion here. Ausler argued Jones lied during trial, and she submitted declarations allegedly supporting her claims. But she based these arguments on evidence available and known to Ausler before trial. She therefore waived these arguments by failing to raise them during trial.

Ausler's claim that the trial court judge was biased is similarly untimely. A litigant who objects to a particular trial judge must timely raise that objection or the objection is waived.[22] A litigant may not proceed to trial with full knowledge of potentially

---

[20] Appellant filed a motion to allow appendices to appellant's brief. Appellant's motion is denied.

[21] Barret v. Freise, 119 Wn. App. 823, 850, 82 P.3d 1179 (2003).

[22] Williams & Mauseth Ins. Brokers v. Chapple, 11 Wn. App. 623, 626, 524 P.2d 431 (1974).

-10-

disqualifying information, wait for an adverse ruling, and then claim unfair prejudice.[23] To show bias, Ausler relies on the trial judge's ruling in another case between the same parties where the judge entered a temporary protection order in favor of Jones. She knew about this evidence during trial and yet did not make any claim of bias until after receiving an unfavorable ruling from the court. Ausler has therefore waived her claim that the trial court judge was biased against her.

Finally, we deny Ausler's request for attorney fees. Pro se litigants are generally not entitled to attorney fees for their work representing themselves.[24] Further, neither of the statutes Ausler cites applies. RCW 26.09.140 addresses fees in dissolution proceedings. As discussed above, the trial court converted this action to a quiet title action. For the same reason, RCW 7.52.480, providing fees in a partition action, does not apply.

## CONCLUSION

For the foregoing reasons, we affirm.

_Leach, J._

WE CONCUR:

_Spearman, J._        _Becker, J._

---

[23] Williams & Mauseth, 11 Wn. App. at 626.
[24] In re Marriage of Brown, 159 Wn. App. 931, 939, 247 P.3d 466 (2011).