**HAMILTON, Ex'r., v. PENDLETON, County Judge.**

No. 15468—Opinion Filed June 23, 1925.

**1. Judges—Disqualification—Prior Service as Attorney for Executor.**

A county judge in the state of Oklahoma is not precluded from issuing a citation to obtain a report from a delinquent executor, in a probate case pending before him, because such judge prior to his election, as such, may have acted as attorney for such executor in the execution of his trust, where it has not been made to appear that the particular litigation in which such judge acted as attorney had any relation to, or connection with, the issuance of the citation.

**2. Same—Invalidity of County Judge's General Order Disqualifying Self in Probate Proceeding.**

In the absence of anything showing or tending to show a legal disqualification, a general order entered by a county judge attempting to disqualify himself as such judge in all matters and proceedings arising in the course of a probate proceeding pending before him is void.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Application by B. F. Hamilton, executor of the estate of Samuel Bailey, deceased, as plaintiff, for a writ of prohibition to prevent W. S. Pendleton, defendant, from making any orders in probate case number 1917, pending in the County Court of Pottawatome County. Writ denied.

F. H. Reily, for plaintiff.

Clarence Robison, for defendant.

Opinion by FOSTER, C. This is an application for a writ of prohibition to prevent the county judge of Pottawatomie county from making any orders whatever in probate case No. 1917, pending in said court. The application is filed by B. F. Hamilton, executor of the estate of Samuel Bailey, deceased, as plaintiff, against W. S. Pendleton, as defendant, who is now, and was, on and prior to the 27th day of April, 1923, duly elected, qualified, and acting county judge of Pottawatomie county, Okla.

Plaintiff alleges in his petition that prior to his election as county judge of Pottawatomie county, defendant had, for a long period of time, been counsel for plaintiff as executor of said estate, whereby he became disqualified to act as judge in any matters in connection with the administration thereof.

That on the 27th day of April, 1923, the defendant caused to be entered of record in the county court of Pottawatomie county, the following general order:

"State of Oklahoma, Pottawatomie County,

In the County Court. In the Matter of the Estate of Samuel Bailey, deceased, number 1917.

"Now at this time, the said matter being called to the attention of the court, the county judge, W. S. Pendleton, in open court announces his disqualification to preside as judge in said cause for the reason that he has been attorney with Mr. F. H. Reily in said cause for a number of years. He therefore certifies to his disqualification.

"It is therefore ordered that unless Mr. F. H. Reily and executor, B. F. Hamilton and other interested parties, if any, can agree upon some attorney to act as judge in said matter, it will be necessary that notice should be published calling an election of a special judge.

"Dated this 27th day of April, 1923.

"W. S. Pendleton,
"County Judge."

It is charged that by reason of the making said order and by reason of having previously been the attorney for the plaintiff, the defendant became disqualified from making and entering any order in said cause No. 1917, and that notwithstandng said disqualification, the defendant had cited the plaintiff to make and file a report as executor of said estate; had attempted to remove him as such executor and to attach plaintiff and bring him into court, all of which purported orders were void and inspired by malice.

Copies of various citations issued by the defendant from April 25, 1924, to May 20, 1924, citing the plaintiff to appear and show cause why he should not be removed, together with an attachment order for the body of the plaintiff, are attached to the petition.

It will be observed that this controversy has arisen through an attempt by the defendant to obtain a report from the plaintiff as executor of the estate of Samuel Bailey, deceased.

There is no proof in the record before us of any bias or prejudice on the part of the defendant toward the plaintiff.

While it is alleged in the petition that the defendant had some time prior to his election as county judge of Pottawatomie county been the attorney for the plaintiff and his counsel in connection with the administration of said estate, the nature of the controversy and the parties thereto in which the defendant acted as attorney are not disclosed and it does not appear that the particular proceeding or controversy in which the defendant was counsel had any relation or connection with the issuance of the citations complained of here.

It does not appear that the defendant has ever been the attorney or counsel for the plaintiff in the particular proceeding which the plaintiff wants him prohibited from trying.

As we understand the situation, the occasion of the issuance of the citations complained of arose on account of the alleged failure of the plaintiff to make and file a report as executor, and the controversy, therefore, which was the occasion of the issuance of the citations arose under circumstances which negative the idea that it had any connection with matters in which the defendant was interested while attorney for the executor.

The mere fact that the defendant was, at one time, the attorney and counsel for the executor would not disqualify him.

In State ex rel. McCormick v. Woody, Judge, 36 Pac. 1043, the Montana Supreme Court announced the rule as follows:

"Code Civ. Proc., section 547, providing that a judge shall not sit in a case in which he was attorney for either party, does not preclude a judge from trying an action for the removal of an administratrix of an estate, for whom he had acted as attorney in the execution of her trust."

In the body of the opinion the court said:

"It does not appear that relator is sought to be removed on anything that occurred while Judge Woody was her counsel. We are of the opinion that the statute does not mean that, if a judge has once been an attorney or of counsel for a person, he shall, if he afterwards become judge, be forever prohibited from acting as judge in cases in which such person may be a party, and in which cases the judge has not been attorney or of counsel, and in which he has taken no part whatever. If such construction of the statute were to obtain, the judges of courts would be disqualified in a very large proportion of the cases which came before them; for judges are elected from among the practicing lawyers of the district, and, in the course of their lives as practitioners, have been attorneys and of counsel for large numbers of persons in their district. It is not intended that the judge shall be disqualified because he has once been an attorney for a party litigant in a matter other than that proposed to be litigated before him."

This case is cited and the rule therein announced followed by this court in Title Guaranty & Surety Company v. Slinker, 35 Okla. 153, 128 Pac. 698.

Under the rule announced in the cases cited, supra, we think it clear that a party is not disqualified, as a matter of law, from sitting as a judge in a probate case merely because he had at one time been attorney and counsel for the administrator, where there is no evidence that the matters in which he may have acted as such attorney and counsel had any connection with the particular controversy in which he is called upon to act as judge, and especially is this true where the act challenged relates merely to the issuance of the process by which an alleged delinquent party is cited to appear.

It is insisted, however, that the defendant, by virtue of the general order hereinbefore set out, as a matter of fact, disqualified himself from making any order whatever in probate case No. 1917, and that each and every act thereafter attempted by the defendant therein was void. This contention is, we think, without merit.

Copies of certain proceedings of the district court of Pottawatomie county and of the county court in probate case No. 1917, together with an affidavit by the defendant, are submitted to show that the purported general order of disqualification did not reflect the true intention of the parties as disclosed by the entire proceedings, and that the order in the form in which it appears in the record was entered as a result of misapprehension on the part of the defendant.

It is insisted by the defendant that if the order of disqualification should be made to speak the truth it would show that he only disqualified himself from sitting as judge in a hearing in said cause No. 1917 for the allowance of a claim of $6,000 attorneys fees filed by F. H. Reily against the plaintiff, and that he did not, as a matter of fact, disqualify himself for any other purpose.

As we view the case, however, this evidence is not material. This court in the exercise of its original jurisdiction conferred by article 7, section 2, of the Constitution of Oklahoma, will not permit a county judge to shirk a judicial duty which he ought to perform any more than it will sanction the unauthorized exercise of an authority that does not belong to him.

To permit a county judge, in the absence of anything showing or tending to show a legal disqualification, to voluntarily abdicate his authority as such judge in all matters arising in the course of a probate proceeding pending before him merely because he, at some time, had been an attorney in the case, would tend to confuse and delay the administration of probate affairs.

Practically all county judges in the state of Oklahoma were, prior to their election, active practicing attorneys in the county in which they were elected, and a large percent of these judges must, at some time, have represented, as lawyers, parties to many pending probate cases. The result would be that the making of the most trivial order and acts involving the performance of only a ministerial duty could not be made or done without the election of a special judge.

The mere entry of the unauthorized order of disqualification by the defendant did not operate to disqualify him if he was otherwise qualified to act. The order relied on by the plaintiff insofar as the defendant undertakes to disqualify himself generally is void.

The writ of prohibition is therefore denied.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 1003, §160; anno. 25 L. R. A. 114; 15 R. C. L. p 535; 3 R. C. L. Supp. p. 468; 4 R. C. L. Supp. p. 1001, 5 R. C. L. Supp. p. 842. (2) 33 C. J. p. 1018, §192 (1926 Anno.)