Dr. Edward W. DAILEY, Appellant,

v.

Markeeta BARNHART and Farmers Insurance Co., Inc., Appellees.

No. 69011.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 29, 1988.

Rehearing Denied Jan. 24, 1989.

Richard A. Hoffman, Tulsa, for appellant.

David H. Cole, Oklahoma City, for appellees.

## MEMORANDUM DECISION

HANSEN, Judge:

Appellant, Dr. Edward Dailey, filed this action seeking to foreclose on a physician's lien claimed under 42 O.S. 1985 Supp. § 46. He attached a copy of the lien wherein he claimed $1710.00 for medical services against Appellee Farmers' Insurance Company.

Dailey provided chiropractic services to Appellee Markeeta Barnhart for injuries sustained in an automobile accident. The lien reflects the statutory language stating that Dailey provided the services "as a result of the act or negligence of another" (Pat Barnhart). The notice of the lien shows Dailey sent a copy to Pat Barnhart's insurance carrier, Appellee Farmers' Insurance.

Appellees answered, raising the defense that Dailey's treatment and charges were not reasonable and that under the policy of insurance involved, an assignment by Appellee Markeeta Barnhart was specifically excluded. In an amended answer, Appellees also argued that a chiropractor is not a physician as contemplated by the lien statute and that the lien was not perfected because it did not reflect the insurance policy number.

Appellees filed a motion for summary judgment raising these issues as delineated in their answer. The trial court overruled Appellees' motion. At pre-trial the court issued an extensive order setting forth the issues to be tried. At no time and in no order or pleading did Appellees or the trial court suggest that Appellees denied the injuries arose from "the negligence or act of another".

Dailey put on his case in chief and rested. Appellees demurred to the evidence arguing Dailey did not present a prima facie case in that he offered no·evidence that the injuries for which he treated Markeeta Barnhart resulted from the negligence or act of another. The trial court sustained Appellees' demurrer on this basis and Dailey appeals.

■ If a defendant in a lien foreclosure admits the existence of an element of a lien through a failure to deny it, must a plaintiff still present evidence of that element at trial in order to avoid a demurrer to his evidence? We hold that in the facts and circumstances of this case, he does not.

12 O.S. 1986 Supp. § 2008(D) provides: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading ..."

■ Clearly a pleading in response to Dailey's petition was required. When Appellees failed in their answer to deny that the injury arose out of the negligence of another they admitted that fact. *See Bernard v. U.S. Aircoach*, 117 F.Supp. 134 (S.D.Cal.1953). A defense not pleaded, nor raised by any facts pleaded, is not within the issues, and cannot be considered. *Nowata County Gas Co. v. Henry Oil Co.*, 269 F. 742 (8th Cir 1920). When a fact has thus been admitted in the pleadings, it is unnecessary to prove that fact at trial. *See Kendall v. Sharp*, 426 P.2d 707 (Okla. 1967). Pleadings define the issues to be tried, and parties are bound by the allegations and admissions made therein, unless the same are withdrawn or changed by amendment. *Wat Henry Pontiac, Inc. v. Pitcock*, 301 P.2d 203 (Okla.1956).

■ In addition, Rule 5, Rules for the District Courts, 12 O.S. 1987 Supp. Ch. 2 App., states that the pretrial order supersedes the pleadings and governs the trial of the case. The pretrial order establishes the issues to be considered at trial. Herein, the pretrial order did not list this issue as one to be tried. Parties rely on pretrial conferences to inform them precisely what is in controversy. Issues not raised at pretrial are waived. *Erff v. MarkHon Industries, Inc.*, 781 F.2d 613 (7th Cir.1986); *See also, W.C. Case v. Abrams*, 352 F.2d 193 (10th Cir.1965).

The trial court improperly sustained Appellees' demurrer to the evidence for failure to offer proof that the injuries for which Dailey treated Ms. Barnhardt arose as a result of the negligence or act of another.

Accordingly, the judgment of the trial court is REVERSED and the case REMANDED to the trial court with directions to grant Dailey a new trial.

HUNTER, P.J., concurs.

MacGUIGAN, J., dissents.