### In the MATTER OF the ESTATE OF Evelyn R. DALY, Deceased.

**Karen Denise DALY, Lisa Denise McAnnally and Susan Diane Daly, Appellants,**

v.

**Charles E. STEPHENSON, Personal Representative of the Estate of Evelyn R. Daly, Deceased, Appellee.**

No. 79969.

Court of Appeals of Oklahoma, Division No. 4.

Feb. 1, 1994.

Michael McNulty, Mark T. Koss, McNulty, Koss & Bumgarner, Oklahoma City, for appellants.

Harry M. McMillan, Bristow, for appellee.

BRIGHTMIRE, Judge.

The dispositive issue in this will contest is whether the contestants timely filed a sufficient petition. The trial court held they did not and sustained the personal representative's motion to dismiss.

We affirm.

I

The operative facts are these. On April 27, 1988, a self-proving will was executed by Evelyn R. Daly, an elderly woman who had never married. She died December 22, 1991, leaving the bulk of her estate to a friend. The will expressly declared that "it is my intention that none of my estate shall go to any of my relatives or heirs at law irrespective of their relationship to me...." The personal representative named in the will petitioned the court to admit the will for probate on January 6, 1992, and on that date caused proper notice—of both the petition and an order setting it for hearing on January 21, 1992—to be given to all of the dece-

dent's heirs, devisees, and legatees by both mail and publication.

At the request of counsel for one of the heirs, the hearing was continued to February 4, 1992, to determine whether grounds existed to contest the will. On that date, a different counsel appeared for the heirs and requested another continuance. The request was denied and the court proceeded to hear the petition.

Although two of the heirs, who are great-nieces of Evelyn R. Daly, were represented by counsel at the hearing, neither lodged any complaint about, or objection to, the will's validity or admission to probate. After hearing the evidence, the court found that when the testatrix executed the will she possessed testamentary capacity; that she was not acting under any duress, menace, fraud, or undue influence; and that the execution was in accordance with the requirements of law. The will was therefore admitted for probate.

Then, on May 1, 1992, just four days before the expiration of the three-month limitation period for contesting wills prescribed in 58 O.S.1991 § 67,[1] the heirs filed a petition attacking the will.[2] In it they recited several of the general grounds set out in 58 O.S.1991 § 61,[3] but alleged no material facts. And what is even more significant, they did not allege that *after the will had been admitted to probate* they had discovered evidence demonstrating its invalidity.

1. Title 58 O.S.1991 § 67, provides:
   "If no person, within three (3) months after the admission to probate of a will, contests the same or the validity thereof, the probate of the will is conclusive...."

2. A third heir joined in the petition.

3. Section 61 says:
   "When a will has been admitted to probate, any person interested therein may at any *time* within three (3) months from the date the will was admitted to probate contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:
   "1. That a will of a later date than the one proved by the decedent, revoking or changing the will, has been discovered, and is offered; or

The personal representative promptly filed a motion to dismiss the contestants' petition on the grounds that it substantively failed to comply with the requirements of § 61, and the three-month limitation period had run. The trial court agreed and entered an order dismissing the petition.

The contestants appeal.

## II

The first issue posited by the contestants is whether "a Demurrer to the pleadings, made under the auspices of a Motion to Dismiss, [is] allowed under the Probate Code after the Pleading Code was enacted in 1984?"

In framing this question, the contestants have given undue consideration to procedural form and nomenclature at the expense of the controlling substantive law. The argument is that the Oklahoma Pleading Code[4] authorizes "notice pleading" so that all that is necessary is " 'a short and plain statement of the claim' which will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." And that, the contestants say, is what their petition does.

The dispositive question, however, is not *how* to apply the pleading code to the facts of the instant case, but *whether* it applies at all, since the trial court is exercising

"2. That some jurisdictional fact was wanting in the probate; or
"3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or
"4. That the will was not duly executed and attested."
The grounds alleged were: (1) Ms. Daly was incompetent to make a will; (2) she was under undue influence, menace, and duress; (3) she lacked sound mind and memory; (4) the will was procured by use of fraud and misrepresentation; and (5) the will was not duly executed.
The contestants stated other grounds which are not included in § 61 and therefore are not proper grounds for invalidating the will.

4. Title 12 O.S.1991 §§ 2001 through 2027 (enacted by Laws 1984, ch. 164, § 1, eff. Nov. 1, 1984; Laws 1985, ch. 277, § 2, eff. Nov. 1, 1985).

probate jurisdiction—a field left largely untouched by modern civil procedure reforms.

We hold it does not apply because involved here is a special area of law, namely probate, which is governed by its own statutory procedural code.[5]

The personal representative advances the point—one which we think has merit—that since the contestants' petition was fatally defective *when it was filed*, it did not interrupt the running of the special three-month statute of limitations.

A review of the relevant law convinces us that, under the circumstances presented here, the contestants' right to challenge the validity of the Daly will did indeed terminate three months after the will was admitted for probate. This conclusion is based on two potentially applicable statutes—12 O.S.1991 § 2008(E)(1)[6] and 58 O.S.1991 § 61[7]—which, when properly construed, compel the conclusion that the latter statute governs the ultimate issue of whether the content of the contestants' petition was sufficient to toll the § 67 limitation.

■ The contestants contend that the 1984 enactment of the Oklahoma Pleading Code superseded the pleading requirements of § 61 and, because they complied with the minimal notice requirements of Title 12, their petition should not have been dismissed.

■ As we mentioned earlier, there is a serious question concerning whether the contestants' petition would pass muster even under the allegational requirements of 12 O.S.1991 § 2009.[8] Beyond this, however, there exist two legal obstacles which the contestants are not able to clear. One is the settled rule of statutory construction that if two statutes apply to a given situation, one a general statute and the other a special one, the special one governs.[9] The other is that the Oklahoma Pleading Code itself in effect adopts the foregoing rule of construction by specifying that it is to govern all civil suits *unless a statute specifies a different procedure*.[10] The Committee Comment following § 2001 underlines this exception by pointing out that *special statutory proceedings* are found in Title 12 as well as in other titles. The fact remains that probate proceedings, which have traditionally occupied a unique jurisdictional niche in our state jurisprudence, continue to do so, the 1969 court reform notwithstanding. The court in *Wilson v. Kane*,[11] after comparing the existing conflict between the Oklahoma Pleading Code and the Oklahoma probate procedure, stated:

> "A probate proceeding moves along a procedural track vastly different from that followed by a regular action upon a claim. The latter is governed by the Pleading Code and is regulated by the rules of practice applicable to the ordinary process of adjudication.... Probate is a special statutory proceeding. *Its mainstream issues, procedural stages, and special statutory remedies remain the same as they were before 1969.*"

■ The intent and purpose of § 61 is to provide a limited opportunity to contest a will *already admitted to probate* if the contestant is able to file a petition in which he can truthfully swear that *after the will was admitted to probate* he discovered "material facts" that would have been sufficient to *prevent admission* of the will to probate. Certainly, this statute does not contemplate a

---

5. Incidentally, it is worth noting that the pleading code itself contains certain exceptions, *e.g.*, it requires that in pleading fraud the circumstances comprising it must be stated with particularity. *See* 12 O.S.1991 § 2009(B), which reads in relevant part:
   "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

6. Section 2008(E)(1), provides:
   "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required."

7. See note 3.

8. See note 5.

9. *Reubin v. Thompson*, 406 P.2d 263 (Okl.1965).

10. Title 12 O.S.1991 § 2001.

11. 852 P.2d 717, 721–22 (Okl.1993) (footnotes omitted).

rehearing of the same facts heard and resolved by the court when it admitted the will to probate.[12] Thus, to come within the intendment of § 61, the contestants' pleading must show *on its face* that the pleaders have newly discovered evidence and must disclose just what that evidence is. Here the contestants' petition met neither criterion and therefore amounted to no more than a request for a rehearing of the same issues previously resolved—a pleading insufficient to toll the three-month limitation.

The rationale underlying this result is in keeping with that featured in *Battle v. Mason*.[13] The *Battle* court held that amending a fatally defective petition to contest a will after the statute of limitations had expired had no retroactive effect. And in 1987, the high court concluded that the lapse-of-time provision in § 67,[14] clearly evinces a design *to extinguish a contestant's right to challenge the will's prior admission* and to serve *as a limitation upon the court's power* to hear and to determine the post-probate challenge.[15]

### III

We hold, then, that the contestants' petition was allegationally insufficient to confer jurisdiction on the court to hear and decide their post-probate attack, and that by reason thereof it did not interrupt the running of the § 67 three-month limitation period. The trial court's order dismissing the petition is therefore sustained.

Order sustained.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.

---

**12.** *In re Hildebrand's Estate*, 81 Okl. 197, 197 P. 445 (1921).

**13.** 293 P.2d 324 (Okl.1955).

**14.** See note 1.

**15.** *See In re Estate of Speake*, 743 P.2d 648 (Okl. 1987). The case deals with the construction of the one-year "recommencement-of-actions" renewal statute, 12 O.S.1991 § 100—which grants the plaintiff a time extension of one year after failure of his action for some reason other than on its merits to recommence the action—and holds such statute is not applicable to post-probate will contests mainly because it is a general statute and the probate code has its own special limitation statute, namely § 67.