2003 OK CIV APP 33

Angela BRANNON, Plaintiff/Appellant,

v.

Joe MUNN, an individual d/b/a Munn's Auto Sales, Ford Motor Credit Company, a foreign corporation, USAA Casualty Insurance Company, a foreign corporation, Gordon's Auto Salvage, Inc. d/b/a I–35 Insurance Pool, Defendants/Appellees.

No. 96,524.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 8, 2002.

Rehearing Denied Dec. 20, 2002.

Certiorari Denied March 3, 2003.

J. Matthew DeVilliers, Oklahoma City, for Plaintiff/Appellant.

Ronald D. Fulkerson, Shawn D. Fulkerson, Fulkerson & Fulkerson, Oklahoma City, for Defendant/Appellee, Ford Motor Company, and Gordon's Auto Salvage, Inc.

Bruce A. Robertson, Wilson, Cain & Acquaviva, Oklahoma City, for Defendant/Appellee, USAA Casualty Insurance Co.

MITCHELL, J.:

¶1 Angela Brannon, Plaintiff/Appellant or "Brannon", appeals a judgment entered on a jury verdict as well as the order denying her motion for new trial against Defendants/Appellees: Joe Munn, d/b/a Munn's Auto Sales or "Munn"; Ford Motor Credit Company or "Ford"; USAA Casualty Insurance Company or "USAA"; and, Gordon's Auto Salvage, Inc. d/b/a I–35 Insurance Pool or "Gordon's Auto Salvage".[1] Brannon brought an action against Munn for fraud,

---

1. Other defendants at trial are not part of this appeal, thus only claims against USAA, Ford, Gordon's Auto Salvage and Munn will be discussed.

violation of the Consumer Protection Act, the "Act", 15 O.S.1991 § 751 et seq., breach of contract in connection with the purchase of a car and revocation of acceptance of the car. She sued Ford and USAA for fraud and breach of the Act. Later, in an amended petition, Brannon filed an action against Gordon's Auto Salvage for fraud and breach of the Act.

¶2 In September, 1999, Brannon purchased a car from Joe Munn, d/b/a Munn's Auto Sales. She alleged that Munn represented the car to have minor damage, with the right side doors repaired or replaced. Brannon later learned the car had been involved in a collision while leased from Ford and, as a result of the collision, declared a total loss. The liable party in the accident was insured by USAA. Neither Ford nor USAA obtained a title for the car reflecting that it was salvage, as required by 47 O.S. Supp.1998 § 1111(C) (since amended with changes not material here).[2] Ford then sold the car to Gordon's Auto Salvage who in turn sold it to Munn, who repaired it and offered the car for sale with its original title. Brannon filed this action.

¶3 Several cross-claims were filed between the various defendants. On the day of trial, the trial court, *sua sponte*, bifurcated all cross-claims and ordered the matter to proceed on Brannon's claims only. The trial court sustained demurrers to the evidence for Ford, USAA and Gordon's Auto Salvage on Brannon's claim under the Consumer Protection Act. The jury found against Brannon on her other claims and delivered a verdict for Ford, USAA, Gordon's Auto Salvage and Munn. Judgment was entered thereon, Brannon's motion for new trial was overruled and prevailing-party attorney fees were awarded to Munn based on 12 O.S.1991 § 936.

¶4 This court will not disturb a jury's verdict, or the judgment based thereon, where there is any competent evidence reasonably tending to support the verdict. *Florafax Int'l, Inc. v. GTE Mkt. Resources, Inc.*, 1997 OK 7, 933 P.2d 282, 287. Motions for new trial are addressed to the sound discretion of the trial court. This court will not reverse the denial of a motion for new trial in the absence of a showing of an abuse of that discretion. *Jones, Givens, Gotcher & Bogan, P.C. v. Berger*, 2002 OK 31, 46 P.3d 698, 701.

¶5 Brannon first takes issue with the ruling sustaining demurrers for Ford, USAA and Gordon's Auto Salvage on the Consumer Protection Act claims. The basis for this ruling was a "lack of privity" between Brannon and those defendants. This is a legal issue which requires a *de novo* review. Brannon's argument that privity is not required is well-taken. *Conatzer v. American Mercury Insurance Co., Inc.*, 2000 OK CIV APP 141, 15 P.3d 1252, has considered this issue. There, the insurer of the vehicle paid insurance proceeds to the insured and took possession of the vehicle. The insurer then caused the damaged vehicle to be placed into the stream of commerce for sale, without obtaining a salvage certificate of title. The ultimate purchaser sued the insurance company and the auto broker for "title laundering". The case was dismissed below. On appeal, the Court of Civil Appeals found insurance company's claim of no privity to be

---

2. 47 O.S. Supp.1998 § 1111 provides in pertinent part:

C. 1. If an insurance company pays a claim for a loss which is less than a total loss but the cost of repairing the vehicle for safe operation on the highway exceeds sixty percent (60%) of the fair market value of the vehicle, or if any vehicle not insured is damaged to the extent that the cost of repair for safe operation on the highway exceeds sixty percent (60%) of the fair market value of the vehicle, any holder of the certificate of title for the vehicle shall return the certificate of title to the Oklahoma Tax Commission or a motor license agent within thirty (30) days from receipt of payment for the loss.

2. Upon receipt of the certificate, the Tax Commission or motor license agent shall issue a **salvage title** for the vehicle. The title for any vehicle damaged by flooding shall be stamped with the words "Flood Damaged", and for any such vehicle which was recovered from a theft, the salvage title or **rebuilt title** shall be stamped with the words "Recovered Theft". A licensed dealer subject to the provisions of the Automotive Dismantlers and Parts Recycler Act, Section 591.1 et seq. of this title, shall not be required to pay registration fees, excise taxes, back taxes, or penalties on a vehicle as a prerequisite to obtaining a salvage title. (emphasis added).

inconsequential because the "claims of Plaintiffs are not based upon contract or any legal relationship." *Id.* at 1255. The Court allowed the case to proceed saying:

> ... there is clear authority that acts nearly identical to those alleged to have been committed by AMI [insurance company] and Prestige [auto broker] *do provide a basis for a fraud-based consumer protection claim.* In *O'Brien v. B.L.C. Insurance Co.,* 768 S.W.2d 64 (Mo.1989), the insurance company settled a claim with its insured as a total loss. The insurer then sold the vehicle to a salvage company but did not send the certificate to the Division of Motor Vehicles with the notation that it was a salvage vehicle, nor did it obtain a certificate in its own name prior to marketing the vehicle. *Id.* at 66. In that case, as herein, the vehicle was subsequently sold to a consumer, who discovered the true status of the vehicle and filed suit, based upon negligence and fraud, against the insurer and the purchaser from the insurer who rebuilt the vehicle. *Id.* at 66–67. The appellate court upheld a damages award against the defendants for compensatory and punitive damages.

*Id.* (emphasis added).

■ ¶ 6 The Consumer Protection Act provides a private right of action. See, 15 O.S. Supp.1999 § 761.1(A). Four elements must be proved in such an action: (1) the defendant engaged in an unlawful practice (which is defined at 15 O.S. Supp.1996 § 753); (2) that the practice occurred in the course of defendant's business; (3) the plaintiff, as a consumer, suffered an injury in fact; and (4) the challenged practice caused the plaintiff's injury. The Act is remedial in nature and is to be liberally construed to effectuate its underlying purpose. See, *Patterson v. Beall,* 2000 OK 92, 19 P.3d 839, 846.

¶ 7 Brannon's claim alleges all required elements—that Defendants, acting in unison and in the course of their respective businesses, violated the statutory mandate to show the car as "salvage" on its title, and that they did so to perpetuate an unfair or deceptive trade practice upon her, the ultimate consumer. She also claims to have sustained damages as a result of Defendants'

deceptive trade practices. Evidence was presented tending to establish these elements. Whether "privity" is needed for Brannon's claim to proceed is a question of law which we have answered in the negative. The trial court erred in sustaining the demurrers.

■ ¶ 8 Brannon's next alleged error is that an election of remedies was forced upon her, *i.e.* to choose whether to proceed on her claim of revocation of acceptance against Munn, or to proceed with the other claims of fraud and breach of the Consumer Protection Act against Munn and the other defendants. Brannon does not contend she was denied the opportunity to put on evidence supporting the revocation claim. In fact, her case-in-chief at trial included evidence satisfying the elements of the revocation claim. It was the trial court's refusal to instruct the jury on this theory that is problematic. Brannon offered requested jury instructions on revocation of acceptance but the judge refused to instruct on that issue. She made a record objecting to the judge's decision on the instructions preserving the error for review. In *Howell v. James,* 1991 OK 47, 818 P.2d 444, 447, the Supreme Court examined the doctrine of election of remedies and found:

> "A litigant may plead inconsistent defenses, and rely on these defenses throughout the trial. While inconsistent judgments or double recovery may not be permissible, the party is not prevented from fully litigating the inconsistent theories or defenses at trial."

In her claim for revocation of acceptance, Brannon contends when she discovered the car's history she returned the vehicle to Munn on the day of purchase and told him she revoked acceptance of the car. She also brought an action pursuant to fraud and violation of the Consumer Protection Act. She may proceed with both claims at trial. It was reversible error for the trial court to refuse to instruct the jury on the revocation claim.

■ ¶ 9 Brannon next alleges it was error for the trial court to, *sua sponte,* bifurcate for separate trial the cross-claims of Defendants. Brannon contends this was in

violation of the pretrial conference order. Generally, parties rely on pretrial conferences to inform them precisely what is in controversy and what issues are to be tried. *Dailey v. Barnhart,* 1988 OK CIV APP 17, 768 P.2d 907, 909. Balancing the requirement that a pretrial order be followed is the trial court's discretion to order separate trials[3] which will be disturbed only for clear abuse of discretion. *Faulkenberry v. Kansas City Southern Ry. Co.,* 1983 OK 26, 661 P.2d 510, cert. den. 464 U.S. 850, 104 S.Ct. 159, 78 L.Ed.2d 146. Here, in the interest of judicial economy, the trial court ordered the trial to proceed on Brannon's claims only. If Brannon was unsuccessful in her claims, Defendants' cross-claims need not proceed. If she was successful, however, the cross-claims could then (or later) be tried. This is the type of case contemplated by 12 O.S.1991 § 2018(D) for which bifurcation is allowed. Brannon has not met her appellate burden of showing clear abuse of the trial court's discretion to bifurcate these claims.

¶ 10 Similarly, on the day of trial, Brannon moved for an order compelling Ford to respond to certain production requests and interrogatories. Brannon sought records which would show a pattern of improper practices regarding titles of salvage vehicles. The trial court sustained the motion only as to an indemnity agreement between Ford and Gordon's Auto Salvage which showed Gordon's agreed to hold Ford harmless for any damages. Brannon contends it was reversible error for the trial court to fail to sustain her motion to compel for the other requested documents. The pretrial conference order, however, entered more than two weeks before trial, shows discovery as being complete. The pretrial conference order "govern[s] the trial of the case unless departure therefrom is permitted by the Court to prevent manifest injustice." Tit. 12, Ch. 2, App. 1, Rules for District Courts, Rule 5(I). Brannon has not shown the necessary "manifest injustice" to entitle her to an additional departure from the pretrial conference order. Ultimately, the trial court has wide discretion to enforce its pretrial orders. *Short v. Jones,* 1980 OK 87, 613 P.2d 452, 457. No abuse of discretion is shown.

¶ 11 Shortly before pretrial conference, counsel for Gordon's Auto Salvage was allowed to substitute for Ford's counsel and entered an appearance to also represent Ford.[4] Brannon contends the trial court committed reversible error in allowing such representation. Apparently, Gordon's Auto Salvage purports to be the fully disclosed agent of USAA, and as such there does not appear to be a conflict. Regardless, there is no showing of any prejudice to Brannon and no showing of reversible error. However, counsel is cautioned to take note of Tit. 5, Ch. 1, App. 3–A, Rules of Professional Conduct, Rule 1.7 which deals with conflicts of interest.

¶ 12 Brannon's next allegation of error is an evidentiary issue. During trial, counsel for Gordon's Auto Salvage asked Brannon about an offer of compromise. An objection to the question was overruled and the trial court required Brannon to answer. The objected-to question follows:

Q: Ms. Brannon, isn't it true before Mr. Terry [owner of Gordon's Auto Salvage] died he had offered to buy back this vehicle?

A: He didn't ask me.

She contends this was reversible error under 12 O.S.1991 § 2408 which provides in pertinent part:

Evidence of:

1. Furnishing, offering or promising to furnish; or

2. Accepting, offering or promising to accept, a valuable consideration in compromising or attempting to compromise a

---

**3.** Tit. 12 O.S.1991 Sec.2018(D) provides: "SEPARATE TRIALS. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury."

**4.** On appeal, both Ford and Gordon's Auto Salvage are represented by the same counsel.

claim which was disputed as to either validity or amount is not admissible to prove liability for the claim, invalidity of the claim or the amount of the claim.

The question was probably impermissible under § 2408, but in answering the question Brannon denied receiving such an offer, nor was there any other evidence tending to prove such an offer. Further, Brannon has made no showing of prejudice by the question nor do we find any in our review.

¶ 13 Finally, Brannon contends it was error for the trial court to award attorney fees to Munn based on 12 O.S. § 936. Because we are reversing this case on other grounds, and remanding for a new trial, the award of attorney fees must be vacated.

¶ 14 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

HANSEN, P.J., and ADAMS, J., concur.