OSCN Found Document:WILCOX v. PALMER

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 WILCOX v. PALMER
2014 OK CIV APP 16
Case Number: 110873
Decided: 01/24/2014
Mandate Issued: 02/20/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 16, __ P.3d __
In the Matter of the Estate of Mike Kozak, Jr., Deceased,

TOM WILCOX, Petitioner/Appellant,
v.
FLOYD PALMER, PERSONAL REPRESENTATIVE OF THE ESTATE OF MIKE KOZAK, JR., DECEASED, Respondent/Appellee.

APPEAL FROM THE DISTRICT COURT OF COAL COUNTY, OKLAHOMA

HONORABLE RICHARD E. BRANAM, JUDGE

AFFIRMED

Tom Wilcox, Seiling, Oklahoma, Pro Se,
Trae Gray, Ryan Ellis, Coalgate, Oklahoma, for Appellee.

Larry Joplin, Presiding Judge:

¶1 Petitioner/Appellant Tom Wilcox, Pro Se (Appellant), seeks review of the trial court's orders determining heirs, approving the final account of Respondent/Appellee Floyd Palmer, Personal Representative (PR) of the Estate of Mike Kozak, Jr., Deceased (Decedent), and dismissing his Petition Contesting Will After Admission to Probate on the PR's motion to dismiss.

¶2 Decedent died June 30, 2010. On September 9, 2010, PR filed a Petition for Probate of Will, Appointment of Personal Representative and Determination of Heirs. The Petition recited that Decedent's Last Will was attached to the Petition, but it was not. The trial court set the hearing on PR's plea for appointment as personal representative for September 30, and PR published notice of the hearing on September 15, referring in the notice to the Petition as having Decedent's Last Will attached.

¶3 PR filed Decedent's Last Will as a separate document on September 17, 2010. By his Last Will, executed January 8, 2010, Decedent appointed PR as personal representative of his estate and devised his entire estate to PR.

¶4 At the hearing on September 30, no one appeared to object. The trial court admitted Decedent's Last Will to probate, and issued Letters Testamentary to PR.

¶5 On October 29, 2010, Appellant pro se entered an appearance, objected to appointment of PR, and requested vacation of the order appointing PR. Appellant alleged he was the son of Decedent's cousin, and one of several of Decedent's heirs at law. Appellant asserted that, by publishing notice of the filing of his Petition with Will attached when the Will was not, in fact, attached to the Petition, PR had failed to comply with the requirements for the Notice of Hearing set out by 58 O.S. §25, and the order appointing PR should be vacated pursuant to 12 O.S. §1031.

¶6 On December 28, 2010, Appellant filed his Petition Contesting Will After Admission to Probate. Appellant alleged that Decedent was not competent to execute a will at the time he executed the Will admitted to probate, and the Will admitted to probate was the product of duress and PR's undue influence.

¶7 On January 13, 2011, PR filed his response to Appellant's objection and motion to vacate his appointment. PR argued that, by force of 58 O.S. §23, "[n]o defect of form [of the petition], or in the statement of jurisdictional facts actually existing, shall make void the probate of a will." PR further argued that, pursuant to 12 O.S. §1031.1, the trial court possessed the authority to "correct or modify" the order appointing him to reflect the true state of events.

¶8 The parties appeared for a status conference February 24, 2011. Appellant orally requested the trial judge to recuse, which the trial judge refused. On March 24, 2011, Appellant filed his motion to disqualify, alleged that the Coal County Clerk was related by marriage to PR, and that, to avoid the appearance of bias and partiality toward PR that might arise from the working relationship between the trial judge and the County Clerk, the trial judge should recuse. PR responded, and argued the relationship between the trial judge, PR and the County Clerk was too remote to raise even the suggestion of partiality.

¶9 Appellant requested a hearing on his motion to disqualify before another district judge, which request was denied. After a hearing before the trial judge on June 17, the trial judge denied Appellant's motion to disqualify. The Supreme Court appointed the Presiding Judge of the East Central Judicial Administrative District to review the motion to disqualify, and the parties agreed to submit the matter on the trial court record. Upon further review, the assigned judge found "no evidence that would require recusal," and denied Appellant's motion to disqualify.

¶10 On August 24, 2011, PR filed a motion for summary judgment, to which he attached, inter alia, portions of Appellant's deposition. PR asserted Decedent's self proving Will -- executed before witnesses who attested Decedent's apparent competency at the time -- established the Will's presumptive validity on its face, and argued that Appellant, at his deposition, could point to no specific facts establishing either Decedent's lack of testamentary capacity or supporting his bare allegations of duress and undue influence.

¶11 By order filed September 27, 2011, the trial court denied Appellant's motion to vacate appointment of PR. Appellant appealed, but the Supreme Court dismissed the appeal for lack of a final appealable order. In the Matter of the Estate of Mike Kozak, Jr., Deceased, Wilcox v. Palmer, Case No. 109,969.

¶12 On October 13, 2011, the parties appeared, and the trial court granted PR's motion for summary judgment. Appellant appealed. In the Matter of the Estate of Mike Kozak, Jr., Deceased, Wilcox v. Palmer, Case No. 110,184.

¶13 PR filed his Final Account, and Application to Determine Heirs, for Distribution and Discharge, to which Appellant objected. Appellant also requested a stay and that PR be required to post a bond. The trial court denied a stay.

¶14 By order filed April 18, 2012, however, the trial court vacated its previous order summarily disposing of Appellant's challenges, and directed issuance of citations and the conduct of hearing within thirty days. On PR's motion to dismiss, the second appeal, Case No. 110,184, was accordingly dismissed as moot by order of the Supreme Court filed May 21, 2012.

¶15 The trial court ultimately set all pending matters for hearing on June 14, 2012. Upon consideration of the parties' evidence and argument at a hearing on that date, the trial court denied Appellant's objections, approved PR's Final Account, and granted the Applications for Distribution and Discharge by order filed the same day.

¶16 Appellant again requested a stay and PR's posting of a bond. The trial court directed PR to post a bond, and, on motion to settle journal entry, dismissed Appellant's Petition to Contest Will After Admission to Probate by order filed July 12, 2012:

The Court, after receiving and reviewing the Motion to Dismiss, finds as follows: The Petition Contesting Will After Admission to Probate filed on December 28, 2010, was not issued with a Citation and is not a sworn Petition. The Petition Contesting Will After Admission to Probate filed on December 28, 2010, does not state that any evidence has been discovered since the Probate of the Will and does not state any material facts, nor does the Deposition testimony of Mr. Wilcox. The Petition Contesting Will After Admission to Probate filed on December 28, 2010, is deficient and the Will has been admitted to Probate for over three months. To date, the [Appellant] has not issued Citations as previously Ordered by the Court and the Court also finds that jurisdiction is a matter that the Court, or any party, may always raise.

As to the Conclusions of Law: [58] O.S. §62 requires a Citation to be issued with a Petition Contesting Will After Admission to Probate. [58] O.S. §61 requires that a sworn Petition be issued and that a Petition Contesting Will After Admission to Probate state what evidence has been discovered since the Probate of the Will along with a listing of material facts.

A deficient Petition does not, and cannot, confer jurisdiction upon a county or district court, Battle vs. Mason, [1955 OK 356, 293 P.2d 324]. A contest that is deficient does not extend the three month challenge period, Estate of Daly vs. Stephenson, [1994 OK CIV APP 8, 870 P.2d 795]. The Will admitted to Probate in this matter is no longer subject to attack, [58] O.S. Section 67. The Court, thereafter, finds that it does not have jurisdiction, because of the deficient Petition, to rule on the pending Motions by the Contestant in this matter. That Motion to Dismiss Contestant's Petition Contesting Will After Admission to Probate is sustained.

Appellant commenced the instant appeal by Petition in Error filed July 13, 2012.

¶17 In his first and second propositions of error, Appellant challenges the decisions of the trial judge and Presiding Judge of the Judicial District refusing to disqualify the trial judge. Particularly, Appellant again asserts the familial relationship by marriage between PR and the Coal County Clerk, and the working relationship between the trial court and the County Clerk, create an impression and possibility of partiality toward PR.

¶18 "The question of a judge's appearance of impartiality is determined by an objective standard." Pierce v. Pierce, 2001 OK 97, ¶13, 39 P.3d 791, 797. A remote or trivial connection to a litigant does not demand disqualification. See, e.g., Hamilton v. Pendleton, 1925 OK 530, 237 P. 611; Title Guaranty & Surety Co. v. Slinker, 1912 OK 821, 128 P. 696.

¶19 "When an order of a judge in a civil proceeding denies a disqualification application that order will not be reversed on appeal unless a clear abuse of discretion is shown." Pierce, 2001 OK 97, ¶21, 39 P.3d at 800. "Generally, a clear abuse of discretion occurs when the decision challenged is against, or not justified by, reason and evidence." Id.

¶20 In the present case, the work of the trial judge and that of the County Clerk are not such as to create any question of partiality. Daresay, in many less populous counties, it would be difficult to find a sitting judge, who, either as a judge or practicing lawyer, does not know, or has not had some previous contact with, a good many of the litigants who appear in court. See, Hamilton, 1925 OK 530, ¶14, 237 P. at 612 [1]; Slinker, 1912 OK 821, ¶6, 128 P. at 697. We are unwilling to hold the relationship by marriage of PR and the County Clerk, even coupled with whatever working relationship exists between the trial judge and the County Clerk, creates such a question of the trial judge's impartiality as to require disqualification. We consequently discern no abuse of discretion by the trial judge or the Presiding Judge in refusing to disqualify the trial judge in the present case.

¶21 In his third proposition, Appellant asserts the trial court erred in refusing to vacate the order appointing PR. Here, Appellant argues that, once the failure to attach the Will to the original petition was discovered, the trial court should have required PR to file an amended petition with the Will attached, set a new date for hearing, and required PR to again publish notice of the hearing.

¶22 Appellant filed his motion to vacate within thirty days of the date of filing of the challenged order. A thirty-day motion to vacate invokes the trial court's broad and almost unfettered discretion to set aside or modify the previous order. See, e.g., Schepp v. Hess, 1989 OK 28, ¶¶7, 9, 770 P.2d 34, 38. However, the trial court's denial of a thirty-day motion to vacate will not be disturbed on appeal unless affected by an abuse of discretion. See, e.g., Farm Credit Bank of Wichita v. Trent, 1997 OK 70, ¶21, 943 P.2d 588, 591-592.[2] "To reverse a trial court on the ground of abuse of discretion it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." Abel v. Tisdale, 1980 OK 161, ¶20, 619 P.2d 608, 612 (footnote omitted); Pierce, 2001 OK 97, ¶21, 39 P.3d at 800.

¶23 As PR correctly pointed out below, Oklahoma law clearly recognizes that "[n]o defect of form [of the petition], or in the statement of jurisdictional facts actually existing, shall make void the probate of a will." 58 O.S. §23. No one appeared to contest admission of the Will to probate or PR's appointment, and no one, not even Appellant, alleges any resulting prejudice from either the failure to attach the Will to the original petition or the filing of the Will separately some eight days later. The failure to attach the Will to the Petition appears to have been, at best, an oversight, and, at worst, a mere technical defect. Upon discovery of the omission from the original petition, PR filed the Will in the trial court, and, in its order admitting the Will to probate, the trial court treats the Will as if filed concurrently with the petition. Under these circumstances, we hold the trial court did not abuse its discretion in denying Appellant's motion to vacate.

¶24 In his fifth proposition, Appellant asserts the trial court committed reversible error in refusing his requests for status or pre-hearing conferences (1) prior to hearing on his motion to vacate in September 2011, (2) prior to hearing on PR's motion for summary judgment in October 2011, and (3) after vacation of the order granting PR's motion for summary judgment and prior to hearing on PR's Final Account, and Applications for Distribution and Discharge.

¶25 The purpose of a pre-trial conference is, among others, to identify the controversy and the issues to be resolved. See, e.g., Brannon v. Munn, 2003 OK CIV APP 33, 68 P.3d 224. But, a pre-trial conference is not always required, particularly in non-jury cases. See, Rule 5(A), Rules for the District Courts, 12 O.S., Ch. 2, App.[3] Indeed, "the Court may schedule any conference . . . for accomplishing any other matters appropriate in the circumstances of the case." Rule 5(C)(7), Rules for the District Courts. Use of the word, "may," in Rule 5(C) clearly permits, but does not require, the trial court to conduct any conference. See, e.g., Grimes v. City of Oklahoma City, 2002 OK 47, ¶11, 49 P.3d 719, 724[4]; G.S. v. Ewing, 1990 OK 1, ¶17, 786 P.2d 65, 72.[5]

¶26 In the present case, the issues to be resolved were clearly and fully framed by the pleadings. Appellant has demonstrated no prejudice arising from the trial court's refusal to conduct the requested pre-hearing conferences. The trial court possessed the discretion to conduct or not conduct any conferences in bringing this protracted case to resolution. We hold the trial court did not abuse its discretion in refusing to conduct the requested status conferences.

¶27 In his fifth proposition, Appellant asserts the trial court erred in dismissing his Petition Contesting Will After Admission to Probate on motion of PR. Particularly, Appellant contends PR did not timely raise the defects in his Petition of which he complained.

¶28 Oklahoma statutes provides:

When a will has been admitted to probate, any person interested therein may at any time within three (3) months from the date the will was admitted to probate contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:

1. That a will of a later date than the one proved by the decedent, revoking or changing the will, has been discovered, and is offered; or

2. That some jurisdictional fact was wanting in the probate; or

3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or

4. That the will was not duly executed and attested.

58 O.S. §61. "The intent and purpose of §61 is to provide a limited opportunity to contest a will already admitted to probate if the contestant is able to file a petition in which he can truthfully swear that after the will was admitted to probate he discovered 'material facts' that would have been sufficient to prevent admission of the will to probate." Matter of Estate of Daly, 1994 OK CIV APP 8, ¶17, 870 P.2d 795, 798-799. (Emphasis original.) "[T]o come within the intendment of §61, the contestants' pleading must show on its face that the pleaders have newly discovered evidence and must disclose just what that evidence is." Id. Compliance with §61 is mandatory, and a petition deficient in any of the statutory requisites is "not sufficient to confer jurisdiction upon either the county or district courts." Battle v. Mason, 1955 OK 356, ¶4, 293 P.2d 324, 326.

¶29 Oklahoma statute also provides:

Upon filing the petition, a citation must be issued to the executors of the will, or to the administrators with the will annexed, and to all the legatees and devisees mentioned in the will, and heirs residing in the state, so far as known to the petitioner, or to their guardian, if any of them are minors or adjudicated incompetents, or their personal representatives, if any of them are dead, requiring them to appear before the court on some day therein specified, to show cause why the probate of the will should not be revoked. A copy of such citation shall be mailed to all such persons, nonresidents of the state, whose addresses are known to petitioner, at least ten (10) days before such hearing.

58 O.S. §62. This section mandates anyone who might be affected by relief granted on a petition filed under §61 receive notice of the hearing on the petition at least ten days prior in order that they may appear and defend admission of the will to probate.

¶30 Oklahoma statute further provides:

If no person, within three (3) months after the admission to probate of a will, contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind, a period of one (1) year after their respective disabilities are removed.

58 O.S. §67. Section 67 sets a time limit to invoke the probate court's jurisdiction to consider a petition to contest a will after its admission to probate, and "in the absence of a contest by those interested in the estate for a period within which under the statute a special proceeding for the contest is provided," the probate court lacks the power to grant relief. Mayweather v. Wallace, 1945 OK 148, ¶21, 159 P.2d 529, 531.

¶31 In the present case, Appellant filed his Petition to Contest Will After Admission to Probate on December 28, 2010, within thirty days of the date of filing of the order admitting Decedent's Will to Probate. Appellant timely filed his Petition.

¶32 In his Answer, PR denied generally and specifically every material allegation of Appellant's Petition, and PR specifically challenged Appellant's Petition as insufficient in his motion for summary judgment. Ultimately, the pleading requirements of §61 are jurisdictional, and the questions of a court's subject matter jurisdiction and power to grant relief may be raised at any time. See, e.g., Oklahoma Dept. of Securities ex rel. Faught v. Blair, 2010 OK 16, ¶19, 231 P.3d 645, 657-658; In re A.N.O., 2004 OK 33, ¶9, 91 P.3d 646, 649.

¶33 In this respect, Appellant's Petition is deficient in a number of particulars, and is insufficient to invoke the trial court's jurisdiction. Appellant's Petition is not sworn to or verified as required by §61. The Petition does not recite the discovery of post-admission evidence as required by §61. The Petition states no facts in support of the bald allegations of Decedent's testamentary incapacity, duress and undue influence as required by §61, and Appellant was unable to identify any facts supporting these allegations at his deposition. Appellant issued no citation notifying anyone of the filing of his Petition as required by §62.

¶34 Although timely filed, Appellant's Petition does not comply with the requisites of §61, and was insufficient to invoke the trial court's jurisdiction and power to grant relief. The trial court so determined, and we hold the trial court did not err in dismissing Appellant's Petition.

¶35 In his last proposition, Appellant complains the trial court erred in denying his objection to PR's Final Account. Here, Appellant asserts that he filed his objection June 5, 2012, that the trial court thereafter set the date for hearing on the Final Account for June 14, 2012, and that he was denied an adequate opportunity to subpoena witnesses and compel their attendance on such short, ten days notice.

¶36 We first observe that, by requiring the service of citations at least ten days prior to hearing, §62 specifically approves ten days notice as sufficient. Further, "the granting of a continuance is within the sound discretion of the trial court and refusal to grant a continuance is not reversible error unless an abuse of discretion is shown." Bookout v. Great Plains Regional Medical Center, 1997 OK 38, ¶10, 939 P.2d 1131, 1134. (Footnote omitted.) And, "[a] continuance based on the absence of a witness or of evidence expected to be given by him is properly refused where the applicant fails to use due diligence to procure the witness or obtain his testimony by deposition." In the Matter of the Estate of Katschor, 1975 OK 159, ¶9, 543 P.2d 560, 562. (Citations omitted.)

¶37 PR filed his Petition to Probate September 9, 2010. The estate consisted mainly of real property and accounts, and no issue concerning the assets or value of the estate was ever raised. What should have been a relatively simple probate matter turned into protracted litigation on allegations which, although afforded more than twenty months, until June 2012, to prove, Appellant did not. Under these circumstances, we are hard pressed to say Appellant has been denied an adequate opportunity to prepare.

¶38 The orders of the trial court are AFFIRMED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.

FOOTNOTES

[1] "'It does not appear that relator is sought to be removed on anything that occurred while Judge Woody was her counsel. We are of opinion that the statute . . . does not mean that, if a judge has once been an attorney or of counsel for a person, he shall, if he afterwards become judge, be forever prohibited from acting as judge in cases in which such person may be a party, and in which cases the judge has not been attorney or of counsel, and in which he has taken no part whatever. If such construction of the statute were to obtain, the judges of courts would be disqualified in a very large proportion of the cases which came before them; for judges are elected from among the practicing lawyers of the district, and, in the course of their lives as practitioners, have been attorneys and of counsel for large numbers of persons in their district. It is not intended that the judge shall be disqualified because he has once been an attorney for a party litigant, in a matter other than that proposed to be litigated before him." (Emphasis added.) (Citation omitted.)

[2] "'An application to vacate a judgment is addressed to the sound legal discretion of the trial court, and the order made thereon will not be disturbed on appeal unless it clearly appears that the trial court abused its discretion.'" (Citations omitted.)

[3] "The judge is not required to hold pretrial conference in cases where jury has been waived but he may do so. A judge may hold more than one pretrial conference in any case, or he may excuse a case from the pretrial docket."

[4] "'May' denotes a permissive statute. 'Shall' signifies a mandatory directive or command."

[5] "The use of the term 'may' . . . is directory in nature rather than mandatory and it implies permissive or discretionary conduct." (Footnote omitted.)






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 1994 OK CIV APP 8, 870 P.2d 795, 65 OBJ 1040, Estate of Daly, Matter of
Discussed at Length 2003 OK CIV APP 33, 68 P.3d 224, BRANNON v. MUNN
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1989 OK 28, 770 P.2d 34, 60 OBJ 540, Schepp v. Hess
Discussed 1990 OK 1, 786 P.2d 65, 61 OBJ 134, G.S. v. Ewing
Discussed 1997 OK 38, 939 P.2d 1131, 68 OBJ 1284, Bookout v. Great Plains Regional Medical Center
Discussed 1997 OK 70, 943 P.2d 588, 68 OBJ 1993, FARM CREDIT BANK OF WICHITA v. TRENT
Discussed 1945 OK 148, 159 P.2d 529, 195 Okla. 587, MAYWEATHER v. WALLACE
Discussed 1955 OK 356, 293 P.2d 324, BATTLE v. MASON
Discussed at Length 2001 OK 97, 39 P.3d 791, 72 OBJ 3408, PIERCE v. PIERCE
Discussed at Length 2002 OK 47, 49 P.3d 719, GRIMES v. OKLAHOMA CITY
Discussed 2004 OK 33, 91 P.3d 646, IN RE: A.N.O., A MINOR CHILD
Discussed 2010 OK 16, 231 P.3d 645, DEPT. OF SECURITIES ex rel. FAUGHT v. BLAIR
Discussed 1975 OK 159, 543 P.2d 560, MATTER OF ESTATE OF KATSCHOR
Discussed 1980 OK 161, 619 P.2d 608, Abel v. Tisdale
Discussed 1925 OK 530, 237 P. 611, 111 Okla. 55, HAMILTON v. PENDLETON
Discussed at Length 1912 OK 821, 128 P. 696, 35 Okla. 128, TITLE GUARANTY & SURETY CO. v. SLINKER.
Discussed at Length
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 1031, District Court, Power to Vacate or Modify its Judgments, When
Cited 12 O.S. 1031.1, Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Cited
Title 58. Probate Procedure Cite
Name
Level 58 O.S. 23, Requisites of Petition for Probate
Discussed 58 O.S. 25, Hearing - Notice, how Given
Cited 58 O.S. 61, Causes for Contest of Will after Probate
Cited 58 O.S. 62, Citation - To Whom Issued
Cited 58 O.S. 67, Probate Conclusive, When
Cited